Eric Stephen Freeze
47996 Moen Rd
Concrete, WA 98237
360 202 6178
ericfreeze87@gmail.com
Plaintiff in *pro per*

_____ FILED  _____ ENTERED
_____ LODGED  _____ RECEIVED

DEC 29 2022   JC

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Filing Fee Paid #402.00   52-982

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Eric Stephen Freeze,<br>    Plaintiff,<br>vs.<br>DON MCDERMOTT, RICHARD WEYRICH, LAURA M. RIQUELME, PAUL W, TAYLOR, BRET SACHTER, SANDRA PERKINS, LISA JANICKI, PETER BROWNING, RONALD WESEN, COUNTY OF SKAGIT, ELIZABETH E. GALLAGHER, JOSE T. ACUNA, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST<br>    Defendants | Case No.: 22-cv-1844- JLR<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

NOW COMES Eric Stephen Freeze, Plaintiff, and files this Complaint against ELIZABETH E.

GALLAGHER; JOSE T. ACUNA, DON MCDERMOTT, RICHARD WEYRICH,

LAURA M. RIQUELME, PAUL W, TAYLOR, BRET SACHTER, SANDRA PERKINS, LISA

JANICKI, PETER BROWNING, RONALD WESEN and the COUNTY OF SKAGIT

WASHINGTON, Defendants, and for cause would show this Honorable Court as follows:

### I.  PARTIES

1. Plaintiff Eric Stephen Freeze is a law-abiding male adult of sound mind and a resident of

47996, 47972 Moen Rd, ( P. O. Box 12) Concrete, Washington 98237.

2. Defendants, DON MCDERMOTT, Skagit Sheriff, RICHARD WEYRICH, Skagit

Prosecuting Attorney, LAURA M. RIQUELME, Skagit Superior Court Judge, PAUL W,

PLAINTIFF'S ORIGINAL COMPLAINT - 1

TAYLOR, attorney, BRET SACHTER, attorney, SANDRA PERKINS, Skagit Auditor, LISA JANICKI, Skagit Commissioner, PETER BROWNING, Skagit Commissioner, RONALD WESEN, Skagit Commissioner, COUNTY OF SKAGIT, all have an office, or workplace in Seattle, Mount Vernon, Skagit County Washington. or Stratham, New Hampshire.

## II. JURISDICTION AND VENUE

3. Jurisdiction exists in this Court pursuant to 28 U.S.C.§ 1331.

4. Venue is proper before this Court because the facts and causes of action described herein took place within the Western District of Washington.

5. This case meets the requirements of federal reasons for jurisdiction because diversity jurisdiction is applicable, violations of the U.S. Constitution, and federal laws and the amount in controversy is greater than $75,000. The federal court would have had subject matter jurisdiction in the first place.

## III. STATEMENT OF FACTS

6. Plaintiff is a self-employed procurer of scrap metal, 35 years old, born in the house located at 47996, 47972 Moen Rd, Concrete, WA, hereinafter, Property, and residing at the same address since birth. Plaintiff is a citizen of Washington, united States.

7. There is no dispute before this court.

Defendants have agreed by tacit assent, tacit consent, acquiescence, and silence that they have violated Plaintiff's constitutional rights and federal laws.
   a. *"Indeed, no more than affidavits is necessary to make the prima facie case."* United States v. Kis, 658 F.2d 526, 536 (7th Cir. 1981)

   b. *"An unrebutted affidavit stands as truth in law."* Data Disc 2 Inc v Systems Tech Assoc Inc., 557 F2d 1260 (9th Cir. 1977)

   c. *"In Commerce Truth is Sovereign. Truth is Expressed in the Form of an Affidavit.*

An Unrebutted Affidavit Stands as Truth in Commerce. An Unrebutted Affidavit Becomes the Judgment in Commerce. *Bey v. Stumpf,* no. 11-5684 (RBK) Dist. Court N.J (2011)

d. *"If only one side of the conflict was supported by affidavit, our task would be relatively easy, for we may not assume the truth of allegations in a pleading which are contradicted by affidavit." Taylor v. Portland Paramount Corp.,* 383 F.2d 634, 639 (9th Cir. 1967) See Exhibits 1 A, 2 A, 2 B, 2 C,

e. Defendants DON MCDERMOTT, RICHARD WEYRICH, SANDRA PERKINS, LISA JANICKI, PETER BROWNING, RONALD WESEN, PAUL W, TAYLOR, BRET SACHTER, have received 3 affidavits, a default notice and are all in default.

8. Plantiff's father, Peter Freeze, borrowed money with co-signers (his parents) and did pay off the loan for the purchase of Property. Co-signers Ronald and Ann Freeze put the property purchased in a Trust and made their son Power of Attorney for the Trust without revisiting the property from their home in New Hampshire in over 18 years. The property was never removed from the Trust.

9. Peter Freeze entered into an Oral contract with Plaintiff to guard, maintain and repair property that included a commercial sawmill and a residence in exchange for ownership of the property upon his demise. Plaintiff mowed the premises for 20 years, repaired the foundation of the sawmill and residence, rewired both structures, installed new water lines, and new septic systems, reroofed both structures over the period of the last 20 years at Plaintiff's full expense for labor, equipment, materials, monies and time.

10. Peter Freeze became sick, and required Plaintiff to be his primary caretaker and remained on the property until his death, on November 13, 2021.

11. Within 2 days after Peter Freeze's death, Defendant, ELIZABETH E.GALLAGHER, JOSE T. ACUNA, and DON MCDERMOTT, Skagit Sheriff conspired to forcible attempt to vacate Plaintiff from the property by breaking, entering, confiscating property then changing the entry locks to Plaintiff's home without his foreknowledge, permission or compensation to Plaintiff

for any improvements upon the property. The oral contracts Plaintiff had with the Power of Attorney, Peter Freeze, were denied as well as any remuneration. See Exhibit 1 D, page 10

12. Two days after Peter Freeze's death, Defendant ELIZABETH GALLAGHER and Defendant JOSE T ACUNA with the foreknowledge of Sheriff Don McDermott conspired to forcefully evict Plaintiff from his home as JOSE ACUNA agreed to buy the property as soon as Plaintiff was removed from the property. JOSE T. ACUNA submitted an affidavit to the court admitting he broke into Plaintiff's home in working in concert with ELIZABETH GALLAGHER and at her direction violated Plaintiff's 4th Amendment right. ACUNA, AT GALLAGHER'S instruction, broke into Plaintiff's home, stole a rifle, file folders containing purchase paper evidence, and Peter Freeze's phone, then Acuna removed the locks on the doors and replaced them with new locks and new keys locking Plaintiff out of his home, while Plaintiff was working, without his foreknowledge or permission. See Exhibit 1 D page 10

13. Plaintiff called Skagit County Sheriff DON McDERMOTT to file a criminal report of the break-in and theft. The sheriff's deputy informed Plaintiff that the property Plaintiff called his home was in probate and therefore no criminal report would be filed.

14. Plaintiff filed a lis pendens and a mechanic's lien upon the property and notified the Defendants that he would vacate the property as soon as the liens were paid. See Exhibits 1A, 2A-C.

15. Defendants were each sent affidavits of truth notifying them of the laws broken.

16. Defendants took Plaintiff to court and sued for his eviction and Plaintiff represented himself pro per for economical reasons and failed to get the judge to be the guardian of his liberty. Plaintiff lost every motion entered even if the opposing attorney was late in responding or even if the attorney failed to appear in court to oppose Plaintiff.

17. Defendants, ELIZABETH E. GALLAGHER, PAUL W.TAYLOR, BRET SACHTER, ANN G. FREEZE REVOCABLE TRUST, and the RONALD L. FREEZE REVOCABLE TRUST proceeded to conduct their entire case on hearsay evidence. Not one witness with 1st hand knowledge was brought forth to testify or to be cross-examined. Violating Rule 802

18. Defendant Paul Taylor, without any 1st hand knowledge presented all statements given without being "sworn in". "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment", *Trinsey v. Pagliaro*, D. C. Pa. 1964, 229 F. Supp. 647,

19. Plaintiff was diligent throughout and sent affidavits to answer every mailed response sent by the opposing attorney. Plaintiff alerted the opposing attorney of U.S. laws that attorney Paul Taylor was violating.

20. All Defendants, that received affidavits are in default as they did not answer. Affidavits were sent registered, certified, return receipt or first class U. S. P. S mail.

21. The unrebutted affidavits are true and prima facie before this court.

22. DEFENDANT LAURA M. RIQUELME was made aware by a mandatory judicial notice that the plaintiff's constitutional rights had been violated, several federal laws violated and that in a challenge of the jurisdiction to the court that the case should be transferred to federal court. RIQUELME violated her oath of office, Title 42 - U.S.C. § 1983, acting "under color of state law" to deprive civil rights and 18 U.S. Code § 4 - Misprision of Felony, failed to report felonies committed against Plaintiff to civil or military authority.

23. On or about June 2, 2022, RIQUELME ruled in favor of Defendants TAYLOR, TRUST and GALLAGHER without considering Plaintiff's Summary Judgment that was filed prior to Defendants' Summary Judgement.
    a. a prior ex parte hearing in which Judge Verge presided. Defendant Paul Taylor objected saying he and his client had nothing to do with the ex parte hearing.

    b. Judge Verge told Plaintiff to address his issues to case No. 22-20016329. Plaintiff did that. Plaintiff refiled with the above case number.

    c. RIQUELME ruled that Plaintiff had violated a rule and sanctioned Plaintiff for violating a rule that did not apply.. RIQUELME failed to be the guardian of Plaintiff's liberty, *Platsky v. CIA, Haines v. Kerner, and* ruled Plaintiff had to pay a sanction

    d. Several months later Defendant Paul Taylor entered an Amicus Curiae in Case No. 22-2-20185-29 stating he and his client were a part of the subject matter in case No. 22-20016329 that he previously had Plaintiff Sanctioned for. **See** Exhibit 6.

24. On or about July 29, 2022, Defendant Jose Acuna filed in this court, an affidavit confirming his unlawful crimes conspired against Plaintiff with defendant Elizabeth E. Gallagher that was previously alleged by Plaintiff. See Exhibit 1D page 10

25. Plaintiff filed for an Appeal for the Summary Judgement with case no. No. 842544.

26. On or about October 31, 2022, Defendants TAYLOR, TRUST and GALLAGHER then had RIQUELME imposed a $250,000 bond before Plaintiff could proceed with an open appeal. Plaintiff is self-employed and now unemployed without access to his tools, shop and metals that he accumulated to sell on his property. Defendants knew Plaintiff would not qualify for this exorbitant bond and failed to be the guardian of Plaintiff's Liberty. *Platsky v. CIA, 953 F.2d 26., Haines v. Kerner, 404 US 519, 92 S. Ct. 594, 30 L. Ed. 2d 652*. It is obvious RIQUELME acted in a biased manner. This is a blatant violation of the 1st amendment and the right to redress grievances with the government, and denial of due process.

27. On or about December 9th, 2022, Plaintiff challenged jurisdiction and was denied, Plaintiff requested Findings of Fact and Conclusions of Law which have not been delivered.

28. Plaintiff submitted a Motion to Vacate court order of October 31, 2022, ordering Plaintiff to vacate the Property by December 1, 2022 followed by a Writ of ejectment executed by DON MCDERMOTT.

29. On or about December 23rd, 2022, Judge Yost denied all motions and requests made by Plaintiff to date. Defendant, Paul Taylor requested that Plaintiff not be allowed to enter any

more submissions to the court. Defendant Paul Taylor's reasoning was "We have to put a stop to these Pro se filings that clog the court with frivolous bizarre interpretations of Constitutional law." Judge Yost granted Defendant PAUL W. TAYLOR'S request and added that until Plaintiff paid a $1750 sanction he was prohibited to submit any documents to the court and furthermore if he paid the $1750, he would then have to get permission from the court before the documents would be filed by the clerk This new evidence is a clear violation of Plaintiff's 1st Amendment right to petition the Government for a redress of grievances. **See** Exhibit 5.

30. There is no dispute before this court

31. Each affidavit sent by Plaintiff contained an invoice that Defendants agreed to the correct amount they owed. None of the Defendants answered even one of Plaintiff's affidavits.

32. Affidavits from Plaintiff to Defendants detailed the crimes committed, dates committed, and the perpetrator of the crimes. All Defendants agree they violated the Laws described.

33. Plaintiff is without a home, homeless, and without any means of maintaining a livelihood as all his tools, shop, and materials to sell are refused him by the court.

## IV. CAUSES OF ACTION

34. Equitable estoppel is the legal doctrine that prevents Defendants from taking a position that is contrary to their previous position, This rule prevents Defendants from going back on their word in a court of law. Defendants are estopped from rebutting affidavits. Defendants forfeited their rights to refute their affidavits after 33 days of non-response.

35. The Defendants were in violation of both federal and state laws hence the need to cease and desist.

36. Defendant ELIZABETH E. GALLAGHER; JOSE T. ACUNA, conspired with DON MCDERMOTT, RICHARD WEYRICH, BRET SACHTER, and, PAUL W, TAYLOR to

violate Plaintiff's 4th Amendment right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

37. These elected officials, DON MCDERMOTT, RICHARD WEYRICH, SANDRA PERKINS, LAURA M. RIQUELME, LISA JANICKI, PETER BROWNING, and RONALD WESEN are thus not entitled to qualified immunity as they violated "clearly established law," codified at 42 U.S.C. § 1983, 1st and 14th Amendments, denying due process of law, and the right to petition the Government for a redress of grievances of infringement upon the rights of Eric Stephen Freeze.

38. Plaintiff sent an affidavit to Defendants proclaiming to SANDRA PERKINS, Auditor, LISA JANICKI, Commissioner, PETER BROWNING, Commissioner, RONALD WESEN that felonies had been committed against him.

39. All Defendants have violated 18 U.S. Code § 4 - Misprision of Felony by failing to report the crimes in Plaintiff's affidavits.

40. All six Skagit County elected Officials, DON McDERMOTT, Sheriff, RICHARD A. WEYRICH, District Attorney, SANDRA PERKINS, Auditor, LISA JANICKI, Commissioner, PETER BROWNING, Commissioner, RONALD WESEN, Commissioner, have also violated numerous federal laws and have admitted to their violations by tacit assent, and are in default for a cure.

41. The Federal laws violated by Defendants listed as six Skagit County Washington elected Officials are violations: of their oaths of office, the 1st and 14th Amendment of the U.S. Constitutions, Title 42 - U.S.C. § 1983, repeated violations of Freedom of Information Act Section FOIA, 25-19-104, Civil rights act of 1871, 42 U.S.C. 1985, 18 U.S. Code § 4 - Misprision of Felony, 18 U.S.C. §§ 1961–1 RICO. Defendants DON MCDERMOTT, RICHARD WEYRICH, SANDRA PERKINS, LISA JANICKI, PETER BROWNING,

RONALD WESEN, PAUL W, TAYLOR worked in concert with ELIZABETH E. GALLAGHER, and JOSE ACUNA in a pattern and practice to harm and perform unlawful actions against Plaintiff by failing to enforce and uphold the laws of the U.S. Constitution, the United States, and the state of Washington. The Skagit county elected officials failed to respond to the Plaintiff's pleas for protection, relief from lawlessness or attempts of redress of grievances and failed to perform their official duties including the reporting of felonies to Superior, or Appellate, or Supreme courts or the military. 18 U.S. Code § 4 - Misprision of Felony

42. The Defendants were thus in violation Article V section 16, Washington Constitution 1889, the right of the people to petition for redress of grievances shall never be restrained or abridged.

43. The Defendants were thus in violation of Article V section 5 Washington Constitution 1889, by depriving Plaintiff of life, liberty, or property without due process of law and equal protection under the law. Washington Constitution 1889 adopted the Constitution of the United States as a Supreme Law. (National Archives, Washington D. C.)

44. The Defendants were thus in violation of their oath of office. RCW 29A.56.110: neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law. [ 2003 c 111 1407; 1984 c 170 1; 1975-'76 2nd ex., Deprivation of rights under color of law 18 U.S. Code § 242, 18 U.S.C. § 241 (also RCW 9a.80.010), RCW 36.28.011

45. The section provides as follows;

> *"Whenever any legal voter of the state or of any political subdivision thereof, either individually or on behalf of an organization, desires to demand the recall and discharge of any elective public officer of the state or of such political subdivision, as the case may be, under the provisions of sections 33 and 34 of Article 1 of the Constitution, the voter shall prepare a typewritten charge, reciting that such officer, naming him or her*

PLAINTIFF'S ORIGINAL COMPLAINT - 9

*and giving the title of the office, has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated the oath of office, or has been guilty of any two or more of the acts specified in the Constitution as grounds for recall. The charge shall state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, be signed by the person or persons making the charge, give their respective post office addresses, and be verified under oath that the person or persons believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.*

*For the purposes of this chapter:*

> *(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;*
>
> > *(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and*
> >
> > *(b) Additionally, "malfeasance" in office means the commission of an unlawful act;*
>
> *(2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law."*

46. The elected Defendants were thus guilty of misfeasance, malfeasance, and violation of their Oath of Office since their action interfered with the performance of the official duty of the Plaintiff by failing file a criminal report, investigate the crimes and indict the self-confessed criminals.

47. The elected Defendants are also guilty of a misdemeanor, precisely, the failure of duty by public officer. RCW 42.20.100 provides failure of duty by public officer a misdemeanor as follows;

> *"Whenever any duty is enjoined by law upon any public officer or other person holding any public trust or employment, their willful neglect to perform such duty, except where otherwise specially provided for, shall be a misdemeanor."*
>
> *(2) "Disclosable information" means public information that (a) is not exempt from disclosure under chapter 42.56 RCW; and (b) does not pertain to an ongoing investigation.*
>
> *(3) "Fraud" means an intentional deception or misrepresentation made by a person with the knowledge that the deception could result in some unauthorized benefit to himself or herself or some other person.*
>
> *(4) "Office" means the office of fraud and accountability.*

48. The elected Defendants were thus guilty of FRAUD AND FALSE STATEMENTS 18 U.S. Code Chapter 47 and misrepresentation by alerting the Plaintiff that he had to vacate his home without due process using the pretense of a probate cause required the Sheriff to force eviction. Plaintiff, the only heir of Peter Freeze, knew the "Trust" didn't die, and assumed the probate must have been for the rightful owner, his dad, Peter Freeze. This was an embellishment by Defendant ELIZABETH E. GALLAGHER that was accepted by Sheriff DON McDERMOTT and the prosecuting attorney RICHARD WEYRICH who then enjoined the embellishment agreeing to force Eric Stephen Freeze from his home of 35 years even though there was <u>no death or need for probate</u> in a TRUST.

49. Moreover, the Defendants were in violation of RCW 9A.80.010 which makes provision for official misconduct thus;

> *"(1) A public servant is guilty of official misconduct if, with intent to obtain a benefit or to deprive another person of a lawful right or privilege:*
>
> > *i. He or she intentionally commits an unauthorized act under color of law; or*
> >
> > *ii. He or she intentionally refrains from performing a duty imposed upon him or her by law."*

50. The Defendants forced Plaintiff from his home with a bogus writ of ejectment, failed to protect Plaintiff from the violations of his constitutional rights, and secured Plaintiff's personal property.

51. The Defendants were also intentionally and repeatedly in violation of RCW 42.56.520 which provides for prompt responses. Local government agencies are required by the provision to respond to a public records request within five business days of receiving the request by doing one of the following: Providing for inspection and/or copying of the records requested. the Defendants willfully neglected to give responses to Plaintiff upon request. Willful neglect to answer Public Records and FOIA Requests.

52. The Defendants are further guilty of a gross misdemeanor by violating RCW 29A.56.110. RCW 29A.84.020 precisely provides that every officer who willfully violates RCW 29A.56.110 through 29A.56.270, for the violation of which no penalty is prescribed in this title or who willfully fails to comply with the provisions of RCW 29A.56.110 through 29A.56.270 is guilty of a gross misdemeanor.

53. RCW 9A.82.060 provides for leading organized crime. Precisely, that intentionally organizing, managing, directing, supervising, or financing any three or more persons with the intent to engage in a pattern of criminal profiteering activity. All elected officials listed in this notice have committed and admitted the prior listed crimes. Moreover, each elected official named in this notice, that has received an affidavit from the Plaintiff has committed the detailed crimes

and admitted to the listed crimes by tacit assent, tacit consent, acquiescence, and or silence in at least 3 unrebutted affidavits and are thus guilty of organized crime, 18 U.S.C. §§ 1961–1 RICO.

## V. REQUEST FOR RELIEF

REASONS WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court to GRANT him the following reliefs:

a. Plaintiff is granted Leave of Court to Notify Superior court of filing of a notice of removal.

b. AWARD judgment in favor of Plaintiff and against Defendants;

c. AWARD Plaintiff damages in the sum of $7,787,885.00;

d. ISSUE an Order of Specific Performance rescinding all Skagit Superior Court's orders, that would allow Plaintiff back into his home Property without restrictions.

e. AWARD Plaintiff punitive damages;

f. AWARD Plaintiff costs of this suit;

g. AWARD Plaintiff such equitable relief as this Court deems fair under the circumstances; and

h. AWARD Plaintiff such further relief as this Court deems fit and proper.

i. Plaintiff is granted Leave of Court to pursue claims on all Official Bonds of DON McDERMOTT, RICHARD A. WEYRICH, LAURA M. RIQUELME, SANDRA PERKINS, LISA JANICKI, PETER BROWNING, and RONALD WESEN.

j. The Plaintiff respectfully requests that this Court take any other action against the Defendants, it finds appropriate, including referral for a criminal investigation.

Dated this 29 day of December, 2022.                                        Respectfully Submitted,

*Eric Stephen Freeze*

Eric Stephen Freeze,

Plaintiff in *pro per*

PLAINTIFF'S ORIGINAL COMPLAINT - 13