1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    ERIC STEPHEN FREEZE,                    CASE NO. C22-1844JLR

11                        Plaintiff,          ORDER

12          v.

13    DON MCDERMOTT, et al.,

14                        Defendants.

15          On March 30, 2023, the court issued an order to show cause why it should not

16    dismiss this action based on Plaintiff Eric Stephen Freeze's apparent failure to serve

17    Defendants Don McDermott, Skagit County, Paul Taylor, Lisa Janicki, Jose Acuna,

18    Elizabeth Gallagher, the Ann G. Freeze Revocable Trust, and the Ronald L. Freeze

19    Revocable Trust (collectively, "Defendants") with a summons and a copy of his

20    complaint in accordance with Federal Rule of Civil Procedure 4(m).  (3/30/23 OSC (Dkt.

21    # 5) at 2.)  Specifically, the court ordered Mr. Freeze to either provide "proof that

22    Defendants have in fact been served" or "demonstrate good cause for [his] failure to

ORDER - 1

comply with Rule 4(m)." (*Id.*)  Mr. Freeze timely responded to the court's order by filing a declaration of service.  (*See* Fussell Service Decl. (Dkt. # 6) (stating that Derrill Fussell personally served three Defendants but served the other five Defendants by mail).)

Based on the court's review of the declaration, Mr. Freeze has not timely effected proper service on all Defendants.  Proper service of a summons and complaint upon an individual may be effectuated by personally delivering a copy of both to an individual, leaving a copy of both at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  Pursuant to Rule 4(e)(1), service may also be made according to the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1); *see* RCW 4.28.080(16) (requiring personal service of the summons and complaint to the individual defendant).  Similarly, a domestic corporation, partnership, or association must be served in accordance with Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer, managing agent, or any other agent authorized to receive service of process.  Fed. R. Civ. P. 4(h)(1); *see* RCW 4.28.080(9) (requiring personal service of the summons and complaint to the corporation, partnership, or association's registered or managing agent, among others).

Mr. Freeze purportedly served Mr. Taylor, Mr. Acuna, Ms. Gallagher, the Ann G. Freeze Revocable Trust, and the Ronald L. Freeze Revocable Trust by mailing them a copy of the summons and his complaint on March 29, 2023.  (Fussell Service Decl. at 2.) However, as noted above, service by mail is not a manner authorized by Federal Rule of Civil Procedure 4 in this case.  *See* Fed. R. Civ. P. 4(e)(1)-(2), 4(h)(1); RCW

4.28.080(17) (allowing substituted service only after plaintiff has attempted, "with reasonable diligence," to personally serve the individual or entity); *see, e.g.*, *Goodman v. Heat & Frost Insulators & Allied Workers Loc. 82*, No. 2:17-CV-0010-TOR, 2018 WL 265581, at *2 (E.D. Wash. Jan. 2, 2018), aff'd, 785 F. App'x 504 (9th Cir. 2019) (emphasizing, in the context of proper service under Rule 4, "that it is not sufficient merely to show that Plaintiffs had the Summonses mailed or emailed to Defendants['] supposed addresses"). Thus, for service to be proper, Mr. Freeze must personally serve Mr. Taylor, Mr. Acuna, Ms. Gallagher, and the registered agent or any other agent authorized to receive service of process on behalf of the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust.

Accordingly, the court ORDERS Mr. Freeze to show cause why, by **May 2, 2023**, why Defendants Mr. Taylor, Mr. Acuna, Ms. Gallagher, the Ann G. Freeze Revocable Trust, and the Ronald L. Freeze Revocable Trust should not be dismissed from this action based on Mr. Freeze's failure to properly serve them in accordance with Rule 4. *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]."). Alternatively, Mr. Freeze may respond, by **May 2, 2023**, with proof that Defendants Mr. Taylor, Mr. Acuna, Ms. Gallagher, the Ann G. Freeze Revocable Trust, and the Ronald L. Freeze Revocable Trust have been properly served in accordance with Rule 4 or have agreed to waive service. If Mr. Freeze does not properly serve these five Defendants by

this deadline or demonstrate good cause for his failure to comply with Rule 4, the court will dismiss Mr. Freeze's claims against these five Defendants without prejudice.

Dated this 12th day of April, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4