<pre>
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 8                                    AT SEATTLE
 9
10    ERIC STEPHEN FREEZE,                    CASE NO. C22-1844JLR

11                         Plaintiff,         ORDER
             v.
12
      DON MCDERMOTT, et al.,
13
                           Defendants.
14
</pre>

Before the court are *pro se* Plaintiff Eric Stephen Freeze's two motions asking the court to disqualify Defendants Donald McDermott, Lisa Janicki, and Skagit County's (collectively, "Defendants") counsel, Erik Pedersen. (1st Mot. (Dkt. # 13); 2d Mot. (Dkt. # 16).) Defendants oppose his request. (Resp. (Dkt. # 15).) The court has considered the parties' submissions, the balance of the record, and the applicable law.[1] Being fully advised, the court DENIES Mr. Freeze's motions.

---

[1] Mr. Freeze filed his second motion after Defendants responded to his first motion but before the court ruled on his first motion. (*See* Dkt.) He noted both motions for May 12, 2023.

ORDER - 1

1    "Disqualification of counsel is a drastic remedy that exacts a harsh penalty from
2    the parties as well as punishing counsel; therefore, it should be imposed only when
3    absolutely necessary." *Matter of Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996); *see*
4    *also Aecon Bldgs., Inc. v. Zurich N. Am.*, No. C07-0832MJP, 2008 WL 2940599, at *2
5    (W.D. Wash. July 24, 2008) ("Washington courts are reluctant to disqualify an attorney
6    absent compelling circumstances." (citing *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l*
7    *Ins. Co.*, 881 P.2d 1020 (Wash. 1994))). "In determining whether an attorney's
8    representation of a particular client violates the attorney's ethical responsibilities, the
9    [c]ourt first refers to the local rules regulating the conduct of members of its bar." *United*
10   *States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.*, 637 F. Supp. 1556, 1560
11   (W.D. Wash. 1986); *In re Cnty. of L.A.*, 223 F.3d 990, 995 (9th Cir. 2000) (stating that
12   motions to disqualify counsel are decided under state law). Attorneys practicing in the
13   Western District of Washington must abide by the "Washington Rules of Professional
14   Conduct, as promulgated, amended, and interpreted by the Washington State Supreme
15   Court . . . and the decisions of any court applicable thereto." Local Rules W.D. Wash.
16   LCR 83.3(a). Accordingly, the RPCs will govern the disqualification analysis.
17        In the instant motions, Mr. Freeze asks the court to disqualify Mr. Pedersen from
18   representing Defendants under Washington Rule of Professional Conduct ("RPC") 3.7(a),
19   a provision relating to lawyers as witnesses. (1st Mot. at 1.) He also claims that Mr.

---

(*Id.*) However, the court finds Mr. Freeze's motions to be frivolous and, thus, exercises its discretion to decide the motions without waiting for his reply briefs or Defendants' response to his second motion. *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 2

Pedersen has violated RPCs 5.1, 5.2, and 8.4 (2d Mot. at 5), and he asks the court to take disciplinary action by disbarring Mr. Pedersen and referring him for criminal prosecution because he "commit[s] fraud upon the [c]ourt, misuse[s] public funds, lie[s] about whom [he is] authorized to represent, and lack[s] the required moral character to practice law." (1st Mot. at 5; *see also id.* at 3-5 (making unsupported claims of "causes of action" for, among other things, "racketeering" and "fraud and false statements"); 2d Mot. at 4-6.) Defendants argue that Mr. Freeze "fails to provide any facts supporting that the undersigned counsel is a witness in this action" and makes "recklessly unsupported abusive [disciplinary] requests" in his motion. (Resp. at 3.)

RPC 3.7 provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>     (1) the testimony relates to an uncontested issue;
>     (2) the testimony relates to the nature and value of legal services rendered in the case;
>     (3) disqualification of the lawyer would work substantial hardship on the client; or
>     (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Wash. R. Pro. Conduct 3.7(a). RPC 5.1 addresses the responsibilities of partners, managers, and supervisory lawyers, while RPC 5.2 addresses the responsibilities of a subordinate lawyer. Wash. R. Pro. Conduct 5.1, 5.2. Additionally, RPC 8.4 provides a list of actions that constitute professional misconduct. Wash. R. Pro. Conduct 8.4.

//

1    Here, there is nothing to suggest that Mr. Pedersen is incapable of representing
2    Defendants in this action, or that his representation of Defendants violates his ethical
3    responsibilities.  The claims in this case stem from Mr. Freeze's eviction from a property
4    in Skagit County following a quiet title action.  (*See generally* Compl. (Dkt. # 1).)  Mr.
5    Freeze has not provided any factual allegations that would lead the court to conclude that
6    Mr. Pederson is likely to be a necessary witness in this action and should be disqualified
7    under RPC 3.7(a), nor has he provided any non-frivolous reasons that would lead the
8    court to conclude that Mr. Pedersen has violated RPCs 5.1, 5.2, or 8.4.

9    Accordingly, the court DENIES Mr. Freeze's motions to disqualify Defendants'
10   counsel (Dkt. ## 13, 16).

11   Dated this 27th day of April, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge