UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DONALD MCDERMOTT; ELIZABETH E. GALLAGHER; JOSE T. ACUNA; LISA M. JANICKI; ANN G. FREEZE REVOCABLE TRUST; RONALD L. FREEZE REVOCABLE TRUST; PAUL W. TAYLOR; AND THE COUNTY OF SKAGIT,<br><br>　　　　　　　Defendants. | CASE NO.  2:22-cv-01844-JLR<br><br>DEFENDANTS MCDERMOTT, JANICKI AND SKAGIT COUNTY'S REPLY ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>NOTED ON MOTION CALENDAR:<br><br>**FRIDAY MAY 12, 2023** |

## SUMMARY OF REPLY

Plaintiff Eric Freeze's Response to the County Defendants' Motion to Dismiss does not address any of the County Defendants' arguments.  The County Defendants argued:

1) Issue preclusion bars Mr. Freeze's claims because the Superior Court adjudicated he had no interest in the Property;

REPLY ON MOTION TO DISMISS -
2:22-CV-01844-JLR

1

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S Third St
Mount Vernon, WA 98273-3867
Phone:  (360) 416-1600
Fax:    (360) 416-1649

2) Mr. Freeze's claims fail under his allegations; and

3) The Court should deny Plaintiff leave to amend and dismiss the case with prejudice because he cannot cure his Amended Complaint's obvious deficiencies.

The County Defendants' Motion to Dismiss is essentially unopposed, and the Court should grant it.

## ARGUMENT

Instead of addressing the County Defendants' arguments, Mr. Freeze makes some unsupported assertions that do not save his claims.

***First***, Mr. Freeze argues he satisfied the five-year statute of limitations on his claims. ECF 19, p.1:21-22. The County Defendants did not make a limitations argument, so his argument is an irrelevant non-sequitur (and depending on his claim, wrong). Likewise, his conclusion that qualified immunity does not apply (ECF 19, p.4:3-4) is a non-sequitur because the County Defendants never made a qualified immunity argument.

***Second***, Mr. Freeze's argument that his "affidavits" establish the County Defendants have tacitly agreed to an (unpled) contract with him because the County Defendants did not deny his affidavits. He ignores that the County Defendants did not have to respond to his "affidavits" and failing to respond to them does not create a contract. *See, e.g., Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 762 (W.D. Va. 2007), *aff'd*, 282 F.App'x 260 (4th Cir. 2008); *Norman v. Small*, 09CV2235 WQH NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010). But his "affidavits of truth" are irrelevant on a Motion to Dismiss because the Court presumes that the allegations are true (even if they are not) and disregards legal conclusions. *Clegg*, 18 F.3d at 754-755. Mr. Freeze's claims fail because he simply has not stated a claim, even if the Court assumes his allegations are true.

***Third***, Mr. Freeze claims the County Defendants' counsel, Chief Civil Deputy Prosecuting Attorney Mr. Pedersen, lacks authority to defend the County Defendants because Prosecuting Attorney Weyrich does not have a valid oath or bond. He provides no factual or legal support for

REPLY ON MOTION TO DISMISS - 2:22-CV-01844-JLR

2

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S Third St
Mount Vernon, WA 98273-3867
Phone:  (360) 416-1600
Fax:    (360) 416-1649

this proposition.[1]  He also claims the County did not give Mr. Pedersen authorization to appear in this case, but he is wrong.  As his own filing shows, the County Commissioners authorized Mr. Pedersen's appearance.  ECF 13, p. 6-9.  His final contention is that Mr. Pedersen is not a duly appointed Deputy Prosecuting Attorney.  He is again wrong.  The County resolution finds Mr. Pedersen is a Deputy Prosecuting Attorney, and recorded appointments show that he has been since at least 2007.  RJN #12-13, Ex. 12-13.  Mr. Pedersen is also licensed by the Washington Bar, as his bar number shows.

*Finally*, Mr. Freeze also references additional statutes (18 U.S.C. §§371, 912, 1001 *et seq*., 42 U.S.C. §1983, and Rule of Professional Conduct 1.7(b)) but does not explain how these statutes support his existing claims.  They do not.  To the extent that Mr. Freeze implies that he could amend to state these claims, the Court should not grant leave to amend.  Leave to amend "is not to be granted automatically."  *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  His proposed claims are all futile.  "Futility can, by itself, justify denial of a motion for leave to amend. [Citation.]" *Cent. Puget Sound Reg'l Transit Auth. v. Lexington Ins. Co*., C14-778 MJP, 2014 WL 5859321, at *1 (W.D. Wash. Nov. 12, 2014).  Title 18 of the United States Code (which includes 18 U.S.C. §§371, 912, 1001 *et seq*.) generally contains criminal statutes which he cannot prosecute.  *U.S. v. Nixon*, 418 U.S. 683, 694 (1974); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Mr. Freeze already asserted a 42 U.S.C. §1983 which fails.  And he lacks standing to assert an RPC 1.7 violation.  "The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule." *Chism v. Tri-State Const., Inc.*, 193 Wn.App. 818, 839 (2016) (citing RPC Scope cmt. 20).

---

[1] Mr. Freeze's assertions echo some invalid claims that several other plaintiffs made in cases before Judges Pechman and Martinez, case numbers 23-cv-00309-MJP, 23-cv-00311-MJP, 23-cv-00312-MJP, and 23-cv-00503-RSM.  The County Defendants' motions to dismiss are pending in those cases.

REPLY ON MOTION TO DISMISS -
2:22-CV-01844-JLR

3

SKAGIT COUNTY PROSECUTING ATTORNEY
605 S Third St
Mount Vernon, WA 98273-3867
Phone:  (360) 416-1600
Fax:   (360) 416-1649

## CONCLUSION

The Court should grant the County Defendants' Motion and dismiss Mr. Freeze's Complaint with prejudice and without leave to amend because he fails to show how he stated his claims.

DATED this 10th day of May, 2023.

### LCR 7(e) Length Certification

I certify this memorandum contains 831 words, in compliance with the Local Civil Rules.

RICHARD E. WEYRICH
SKAGIT COUNTY PROSECUTING ATTORNEY

By: /s/ _____
 ERIK PEDERSEN,           WSBA #20015
 Chief Civil Deputy
Skagit County Prosecuting Attorney – Civil Division
605 S Third St
Mount Vernon, WA 98273-3867
(360) 416-1600
erikp@co.skagit.wa.us

# DECLARATION OF SERVICE

I, Chris Olson, declare as follows:

That I am over the age of 18 years and competent to be a witness herein.

On the 10th day of May 2023, as a Legal Assistant in the office of the Skagit County Prosecuting Attorney, I caused to be mailed and/or served, a true and correct copy of the:

DEFENDANTS MCDERMOTT, JANICKI AND SKAGIT COUNTY'S REPLY ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT

to:

| | |
|---|---|
| **Via US Mail to:**<br>Eric S. Freeze | **At:**<br>P.O. Box 12<br>Concrete, WA 98227 |
| **Via Email to:**<br>Eric S. Freeze | **At:**<br>ericfreeze87@gmail.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Mount Vernon, Washington, 10th day of May, 2023.

_____
Chris Olson, Legal Assistant

# FRE 201 REQUEST FOR JUDICIAL NOTICE #12

# Exhibit # 12

# APPOINTMENT



Skagit County Auditor
1/4/2007 Page 1 of 1 4:26PM

STATE OF WASHINGTON

COUNTY OF SKAGIT

I, Richard A. Weyrich, holding the office of Prosecuting Attorney in and for the County of Skagit, State of Washington, do hereby appoint Erik Pedersen, as Deputy Prosecutor of said county effective January 2, 2007, to hold office until such time as this appointment shall be revoked or no longer employed with the Prosecuting Attorney.

DATED this ____ day of January, 2007.

_____
Richard A. Weyrich
Prosecuting Attorney

..................................................................

I, Erik Pedersen, do solemnly swear or affirm that I will support the Constitution and Laws of the United States, and the Constitution and Laws of the State of Washington, and that I will faithfully and impartially perform and discharge the duties of the office of Deputy Prosecutor, in and for the County of Skagit, State of Washington, according to the best of my ability and understanding. I further recognize that this appointment is effective until revoked or no longer employed with the Prosecuting Attorney and that I serve at the will of the Prosecuting Attorney.

_____
Erik Pedersen

SIGNED AND SWORN to before me this ____ day of January, 2007.

_____
Jeanne Youngquist
Skagit County Auditor

# FRE 201 REQUEST FOR JUDICIAL NOTICE #13

# Exhibit # 13

**202301100023**

01/10/2023 08:52 AM Pages: 1 of 2 Fees: $204.50
Skagit County Auditor

Return Address:

Prosecuting Attorney
605 S. Third Street
Mount Vernon WA 98273

**Document Title:** Appointment

**Reference Number** (if applicable): _____

**Grantor(s):**                    [_] additional grantor names on page __.

1) Richard A. Weyrich

2) _____

**Grantee(s):**                    [_] additional grantor names on page __.

1) Erik Pedersen

2) _____

**Abbreviated Legal Description:**   [_] full legal on page(s) __.

**Assessor Parcel /Tax ID Number:**   [_] additional parcel numbers on page __.

# **APPOINTMENT**

      I, RICHARD A. WEYRICH, holding the office of Prosecuting Attorney in and for the County of Skagit, State of Washington, do hereby appoint ERIK PEDERSEN as Deputy Prosecutor of said county effective January 1, 2023, to hold office until such time as this appointment shall be revoked or no longer employed with the Prosecuting Attorney.

DATED this ___4___ day of ___January___, 2023

_____
RICHARD A. WEYRICH
Prosecuting Attorney

................................................................

      I, ERIK PEDERSEN, do solemnly swear or affirm that I will support the Constitution and Laws of the United States, and the Constitution and Laws of the State of Washington and that I will faithfully and impartially perform and discharge the duties of the office of Deputy Prosecutor, in and for the County of Skagit, State of Washington, according to the best of my ability and understanding. I further recognize that this appointment is effective until revoked or no longer employed with the Prosecuting Attorney and that I serve at the will of the Prosecuting Attorney.

_____
ERIK PEDERSEN

SIGNED AND SWORN to before me this ___4___ day of ___January___, 2023.

_____
RICHARD A. WEYRICH
Prosecuting Attorney