UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants Donald McDermott, Lisa Janicki, and Skagit County's (together, the "Skagit Defendants") motion to dismiss Plaintiff Eric Stephen Freeze's amended complaint. (Mot. (Dkt. # 10); Reply (Dkt. # 25); Am. Compl. (Dkt. # 3). Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust (the "Trusts"), Elizabeth Gallagher, and Paul Taylor (collectively, the "Trust Defendants") join in the Skagit Defendants' motion. (Joinder (Dkt. # 12).) Mr. Freeze opposes the Skagit Defendants' motion to dismiss and the Trust Defendants' joinder.

(Resp. (Dkt. # 19); Joinder Resp. (Dkt. # 24).[1])  The court has reviewed the parties' submissions, the balance of the record, and relevant law.  Being fully advised,[2] the court GRANTS the motion to dismiss.

## II.  PRELIMINARY MATTERS

The court must resolve two preliminary matters before considering the motion to dismiss:  (1) the Skagit Defendants' requests that the court take judicial notice of documents attached to their motion and reply (Mot. at 3, Exs. 1-11; Reply at 2-3, Exs. 12-13) and (2) Mr. Freeze's motion to strike (*see* Surreply (Dkt. # 26)).

**A.    Request for Judicial Notice**

The Skagit Defendants ask the court to take judicial notice of (1) multiple Skagit County Superior Court filings and orders relating to a quiet title action that Ms. Gallagher filed against Mr. Freeze as trustee for the Trusts (Mot., Exs. 1-8); (2) Skagit County's responses to Mr. Freeze's public records requests (*id.*, Exs. 9-11); and (3) documents regarding Skagit County's appointment of the Skagit Defendants' attorney Erik Pedersen as Deputy Prosecutor (Reply, Exs. 12-13).  Mr. Freeze does not oppose the requests for judicial notice.  (*See generally* Resp.; Surreply.)

//

//

---

[1] On May 2, 2023, Mr. Freeze filed a response to the Trust Defendants' joinder that included an error in the caption.  (*See* Dkt. # 20.)  He filed a corrected version of the response on May 8, 2023.  (Joinder Resp.)  The court cites the corrected response in this order.

[2] No party has requested oral argument (*see* Mot.; Joinder; Resp.; Joinder Resp.), and the court concludes that oral argument would not be helpful in its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1      Courts routinely take judicial notice of court filings and other matters of public

2 record. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d

3 741, 746 n.6 (9th Cir. 2006). Because all of the documents for which the Skagit

4 Defendants seek judicial notice are matters of public record, the court GRANTS the

5 Skagit Defendants' requests to take judicial notice of the court filings, responses to Mr.

6 Freeze's public records requests, and appointment documents.

7 **B.     Motion to Strike**

8      Mr. Freeze filed a surreply to the Skagit Defendants' motion to dismiss in which

9 he asks the court to strike arguments made by Mr. Pedersen. (*See generally* Surreply.)

10 He argues that Mr. Pedersen lacks authority to represent the Skagit Defendants because

11 his appointment as Deputy Prosecutor was not legally authorized and, as a result, Mr.

12 Pedersen is committing fraud upon the court and the taxpayers. (*Id.* at 2-3.) The Skagit

13 Defendants, however, have supplied the court with copies of Mr. Pedersen's 2007 and

14 2023 appointment documents, which were recorded with the Skagit County Auditor.

15 (*See* Reply at 2-3; *id.*, Exs. 12-13; *see also* 1st Mot. to Disqualify (Dkt. # 13), Ex. (Skagit

16 County resolution authorizing the Skagit County Prosecuting Attorney's office to provide

17 a defense to the Skagit Defendants in this action).) Furthermore, the court already

18 rejected Mr. Freeze's accusation that Mr. Pedersen is committing fraud upon the court in

19 its order denying Mr. Freeze's motions to disqualify Mr. Pedersen. (4/27/2023 Order

20 //

21 //

22 //

(Dkt. # 17); *see* 1st Mot. to Disqualify; 2d Mot. to Disqualify (Dkt. # 16).) Therefore, the court DENIES Mr. Freeze's motion to strike.[3]

### III.   BACKGROUND

Mr. Freeze's claims in this matter arise from his eviction from a property in Concrete, Washington ("the Property") after Ms. Gallagher, as trustee for the Trusts, prevailed in a quiet title action she filed against him in Skagit County Superior Court (the "Quiet Title Action"). (*See generally* Am. Compl. (Dkt. # 3).)

Ms. Gallagher is the daughter of Ann G. and Ronald L. Freeze, the beneficiaries of the Trusts. (Mot., Ex. 2 ("Quiet Title Complaint") ¶ 1.1.) Mr. Freeze is the grandson of Ann G. and Ronald L. Freeze. (*Id.* ¶ 1.2; Am. Compl. at 4, ¶ 4.) Mr. Freeze alleges that his father, Peter Freeze—Ann G. and Ronald L. Freeze's son—borrowed money with his parents to buy the Property. (Am. Compl. at 4, ¶ 4.) Ann G. and Ronald L. Freeze put the Property into the Trusts and, according to Mr. Freeze, gave Peter Freeze power of attorney for the Trusts. (*Id.*) As Mr. Freeze acknowledges, the Property was never removed from the Trusts and Ann G. and Ronald L. Freeze made Ms. Gallagher the trustee. (*Id.* at 4, ¶¶ 4-5.) Mr. Freeze alleges, however, that Peter Freeze continued to have power of attorney for the Trusts and entered into an oral contract with Mr. Freeze in which Mr. Freeze would "guard, maintain, and repair" the Property in exchange for

//

//

---

[3] The court does not consider or address the remaining arguments in Mr. Freeze's surreply. *See* Local Rules W.D. Wash. LCR 7(g)(2) ("Extraneous argument [in a surreply] . . . will not be considered.").

ownership of the Property upon Peter Freeze's demise. (*Id.*) Peter Freeze died on November 13, 2021. (*Id.* at 5, ¶ 6.)

According to Mr. Freeze, within two days of his father's death, Ms. Gallagher, Defendant Skagit County Sheriff Donald McDermott, and Defendant Jose Acuna—a tenant of the Property who had negotiated with Ms. Gallagher to buy the Property—"conspired to forcible [*sic*] attempt to vacate [Mr. Freeze] from the property by breaking, entering, confiscating property, then changing the entry locks to [Mr. Freeze's] home without his foreknowledge, permission or compensation." (*Id.* at 5, ¶¶ 7-8.) Mr. Freeze points to an "affidavit to the Skagit County Superior [C]ourt" in which, he alleges, Mr. Acuna admitted that he broke into Mr. Freeze's home in November 2021 "while working in concert with Ms. Gallagher." (*Id.* at 5, ¶ 8.) This "affidavit," however, is Mr. Acuna's July 29, 2022 petition for an anti-harassment protection order against Mr. Freeze. (*See id.* at 10, ¶ 25; *id.*, Ex. 2, at 12.[4]) Mr. Freeze alleges that he asked Sheriff McDermott to file a criminal report regarding Mr. Acuna's alleged break-in, but Sheriff McDermott's deputy refused to do so because the Property was in probate. (*Id.* at 6, ¶ 10.)

In December 2021, Mr. Freeze recorded a purported *lis pendens* and a UCC-1 lien against the Property and "notified the Defendants that he would vacate the property as soon as the liens were paid." (*Id.* at 7, ¶ 12; *id.*, Exs. 4-5.) On February 25, 2022, Ms. Gallagher, as trustee for the Trusts, filed the Quiet Title Action against Mr. Freeze. (Mot., Ex. 1 ("Docket").) Defendant Paul W. Taylor represented Ms. Gallagher and the

---

[4] The court cites the page numbers in the CM/ECF headers when citing to the exhibits to Mr. Freeze's amended complaint.

Trusts in that case. (*Id.* at 19.[5]) Ms. Gallagher alleged claims against Mr. Freeze for trespass, ejectment, quiet title, nuisance, and slander of title. (Quiet Title Complaint ¶¶ 4.1-8.4.) Mr. Freeze, proceeding *pro se*, answered the Quiet Title Complaint, and the parties proceeded to litigate the case. (Mot., Ex. 3; *see generally* Docket.) Mr. Freeze filed a public records request with Skagit County on or about February 24, 2022; the County responded to his request on March 1, 2022, and provided documents on March 9, and March 18, 2022. (Mot., Exs. 9-11.)

On June 2, 2022, the Skagit County Superior Court granted Ms. Gallagher's motion for summary judgment and denied Mr. Freeze's counter-motion for summary judgment. (Mot., Ex. 4 ("Summary Judgment Order").) The Superior Court concluded, in relevant part, that (1) Ms. Gallagher, as trustee, had "superior title and the right to possess and transfer ownership of the Property"; (2) Mr. Freeze had "no legal or equitable ownership of the Property under Washington law"; (3) the lien filed by Mr. Freeze had no legal basis and no legal effect; (4) Mr. Freeze's actions interfered with Ms. Gallagher's right to use, sell, and possess the Property; and (5) Mr. Freeze's refusal to vacate the Property "constitutes a continuing trespass on the Property." (*Id.* ¶¶ 2.1-2.10.) As a result, the Superior Court (1) quieted title in the Property in Ms. Gallagher on behalf of the Trusts; (2) ordered Mr. Freeze to vacate the property by July 18, 2022; (3) awarded Ms. Gallagher damages, attorney's fees, and costs in an amount to be determined at a later hearing; and (4) authorized the removal of Mr. Freeze and his personal property

---

[5] The court cites the page numbers in the CM/ECF headers when citing to the exhibits to the Skagit Defendants' motion.

from the Property "either by a Writ of Ejectment procedure or through the contempt powers of the Court." (*Id.* ¶¶ 3.1-3.12.)

Mr. Freeze failed to vacate the property by the deadline. (*See* Mot., Ex. 6 ("Damages Order").) Instead, he filed an appeal of the Superior Court's summary judgment order. (*Id.*) On October 31, 2022, the Superior Court entered an order granting Ms. Gallagher's motion for damages, for a supersedeas bond pending the resolution of Mr. Freeze's appeal, and for contempt. (*Id.*) The Superior Court found, in relevant part, that (1) Mr. Freeze "claimed to have an ownership interest in the Property based upon a common law theory that has no other legal or equitable basis"; (2) Mr. Freeze had stored approximately 100 "unlicensed and/or inoperable vehicles" on the Property "without any lawful authority"; (3) Mr. Freeze had "no legal or equitable right to reside or even continue to be present on the Property;" and (4) Ms. Gallagher, as trustee for the Trusts, "has and has always had superior title to the Property." (*Id.* ¶¶ 1.10-1.19.) As a result, the Superior Court ordered Mr. Freeze to vacate and remove his personal property from the Property by no later than December 1, 2022, and awarded Ms. Gallagher $79,600 in damages and $13,250 in attorney's fees. (*Id.* ¶¶ 3.1-3.11.) The Superior Court also imposed monetary sanctions against Mr. Freeze for "maintain[ing] a clearly frivolous action." (*Id.* ¶ 3.12.)

Again, Mr. Freeze failed to vacate the Property before the deadline set by the Superior Court. (*See* Mot., Ex. 7 (granting Ms. Gallagher's motion for an order authorizing a writ of ejectment).) Accordingly, the Superior Court granted Ms. Gallagher's motion for an order authorizing a writ of ejectment. (*Id.*; Mot., Ex. 8

("Writ").) The Writ ordered Sheriff McDermott to remove Mr. Freeze and his unlicensed and inoperable vehicles from the Property and to return the Property to Ms. Gallagher's possession. (Writ.) The Sheriff's Office enforced the Writ on December 4, 2022. (*See* Mot., Ex. 5 (setting forth the timeline of the case between October 31, 2022, and December 23, 2022).) Subsequently, the Superior Court denied Mr. Freeze's motions to dismiss for lack of jurisdiction and for "vacation of void judgment and collateral attack." (*See id.*)

Mr. Freeze filed this lawsuit on December 29, 2022. (*See* Compl. (Dkt. # 1).) He cites, as the basis of his claims, a litany of state and federal statutes and provisions of the Washington State and United States Constitutions. (*See* Am. Compl. at 12-19, ¶¶ 36-57.) He asserts that "[t]here is no dispute before this court" because the Defendants "have agreed by consensual agreement, tacit asset, tacit consent, acquiescence, and silence by unrebutted affidavits that they have violated [Mr. Freeze's] constitutional rights and federal laws. (*Id.* at 3, ¶ 3; *see id.*, Exs. 10-12 ("Affidavits"), Ex. 13 ("Notice of Default Certified").)

### III.   ANALYSIS

Below, the court sets forth the standard for evaluating motions to dismiss before considering the Skagit Defendants' motion to dismiss and the Trust Defendants' joinder in the same.

**A.   Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Under this standard, the court construes the claim in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept as true legal conclusions, "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Review is generally limited to the contents of the complaint. *Sprewell*, 266 F.3d at 988. Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not accept as true allegations that contradict matters properly subject to judicial notice or the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

Because Mr. Freeze is proceeding *pro se* in this action, the court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, Mr. Freeze must still plead factual allegations sufficient to state a plausible claim for relief.

*Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *see also Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (*pro se* litigants must adhere to the same procedural requirements as other litigants).

**B.     Motion to Dismiss**

The Skagit Defendants urge the court to dismiss Mr. Freeze's claims against them because the Skagit County Superior Court's ruling that Mr. Freeze had no legal or equitable interest in the Property precludes those claims. (Mot. at 2; *see also id.* at 5-8 (arguing that Mr. Freeze's claims are barred by issue preclusion).) The Trust Defendants join in the Skagit Defendants' argument that Mr. Freeze's claims against them are also barred based on the Skagit County Superior Court's ruling. (Joinder at 1, 3.) The Skagit Defendants also assert that Mr. Freeze has not plausibly alleged the elements of any of his claims and that there is no private right of action under many of the statutes he cites. (Mot. at 8-15.[6])

Mr. Freeze does not respond substantively to any of these arguments. Instead, he argues that (1) the attorneys who represent the Skagit Defendants and the Trust Defendants are not authorized to represent their clients, and (2) the Skagit Defendants and the Trust Defendants admitted their "crimes" by failing to respond to the Affidavits

//

//

---

[6] The Skagit Defendants also point out that Mr. Freeze makes no allegations regarding any act by Ms. Janicki that could form the basis of any claim. (Mot. at 2 n.1; *see generally* Am. Compl.) The court agrees that Mr. Freeze has not alleged that Ms. Janicki was involved in any of the actions he challenges in his amended complaint and GRANTS the Skagit Defendants' motion to dismiss Ms. Janicki from this lawsuit on that separate basis.

that Mr. Freeze sent to them before filing this lawsuit.  (*See generally* Resp.; Joinder Resp.; *see also* Affidavits.)

The court concludes that dismissal of Mr. Freeze's claims is warranted because he failed to substantively respond to the arguments raised in the Skagit Defendants' motion to dismiss and the Trust Defendants' joinder and thus has "effectively abandoned" his claims.  *Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also Renato v. Beaulieu*, No. C20-0708RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (accepting plaintiff's failure to "substantively respond" to defendant's legal arguments "as an admission that the motion has merit"); *El v. San Diego Unified Sch. Dist.*, No. 20-CV-00257-AJB-AGS, 2021 WL 3240298, at *2 (S.D. Cal. June 29, 2021), *aff'd*, No. 21-55805, 2022 WL 1714284 (9th Cir. May 27, 2022) (construing plaintiff's failure to respond to the arguments in defendant's motion to dismiss as a waiver and granting the motion to dismiss).

In any event, the court disagrees with Mr. Freeze's assertion that counsel for the Skagit Defendants and the Trust Defendants are not authorized to appear in this court on behalf of their clients.  (*See generally* Resp.; Joinder Resp.)  The court has already rejected Mr. Freeze's position that Mr. Pedersen is not authorized to represent the Skagit Defendants (*see supra* § II.B; 4/27/23 Order)), and Mr. Freeze presents no evidence or legal argument to support his position that Mr. Taylor is not authorized to represent the Trust Defendants, (*see generally* Joinder Resp. at 2-3).

Finally, the Skagit Defendants and Trust Defendants' failure to respond to Mr. Freeze's Affidavits does not constitute an admission of facts by those Defendants.  In January 2022 and February 2023, Mr. Freeze sent versions of a document titled "Common Law Affidavit/Declaration of Truth" to the Skagit Defendants, the Trust Defendants, and several other individuals.  (Am. Compl. at 3, ¶ 3; *see* Affidavits.)  Mr. Freeze asserts that because the recipients did not rebut the allegations and demands he made in the Affidavits, they "have agreed by tacit assent that they have committed the crimes listed in the complaint."  (Resp. at 4; *see also id.* at 1 (asserting that the Skagit Defendants' "crimes" are "outlined in affidavits"); *id.* at 4-5 (asserting that "there is no dispute before this court in regard to the admittance of crimes"); Joinder Resp. at 3 (same).)

Mr. Freeze's assertion, however, is incorrect.  Absent some duty or contractual obligation to respond, Defendants' failure to respond to Mr. Freeze's Affidavits does not create a cognizable claim.  *See Patao v. Equifax, Inc.*, No. CV 19-00677 JMS-WRP, 2020 WL 5033561, at *6 (D. Haw. Aug. 25, 2020) (rejecting plaintiff's assertion that defendant's failure to respond to his "Notice of Fault and Opportunity to Cure and Contest Acceptance" and "Affidavit and Notice of Default" constituted an admission of the allegations set forth therein).  The cases Mr. Freeze cites in support of his assertion that an unrebutted affidavit somehow becomes the truth are inapposite.  (*See* Resp. at 4-5; Joinder Resp. at 3-5; *see also* Am. Compl. at 3, ¶ 3.)  First, *Data Disc, Inc. v. Systems Tech Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) and *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) involve how a court should treat

conflicting factual allegations made in the pleadings and in the parties' affidavits when evaluating a motion to dismiss for lack of personal jurisdiction. Neither case addresses the effect, if any, of the failure to respond to an "affidavit" outside of the context of litigation.[7] Second, although Mr. Freeze relies on *Bey v. Stumpf*, 825 F. Supp. 2d 537, 554-55 (D.N.J. 2011) for the principle that an unrebutted affidavit "stands as truth in commerce" and "becomes the judgment in commerce," the language he cites is drawn from a section of that opinion in which the district court quoted the plaintiffs' pleading. The district court ultimately denied the plaintiffs' application to proceed *in forma pauperis* and struck their pleading as "gibberish-filled," reliant on a "hoax source," and "frivolous." *Id.* at 557-58, 561. Finally, *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981), *abrogated on other grounds by Church of Scientology of California v. United States*, 506 U.S. 9 (1992), recognized only that in an action for issuance of an Internal Revenue Service summons, an agent's affidavit is generally sufficient to prove the elements of a prima facie case for enforcement of the summons. Nothing in any of these cases supports the proposition that the Skagit Defendants and the Trust Defendants have admitted their "crimes" by failing to respond to Mr. Freeze's Affidavits. Accordingly, the court GRANTS the Skagit Defendants' and Trust Defendants' motion to dismiss Mr. Freeze's claims against them.

In general, a district court must provide a *pro se* litigant with notice of the deficiencies of the complaint and an opportunity to amend if those deficiencies can be

---

[7] Furthermore, Mr. Freeze misquotes both cases in his amended complaint and his responses.

cured. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The court may, however, deny leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). The court concludes that amendment would be futile because the Skagit County Superior Court conclusively ruled that Mr. Freeze had no legal or equitable right to the Property that is the subject of this action and because Mr. Freeze effectively abandoned his claims by failing to respond substantively to the Skagit Defendants' motion. Accordingly, the court DISMISSES Mr. Freeze's claims against the Skagit Defendants and the Trust Defendants with prejudice and without leave to amend.[8]

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the Skagit Defendants' motion to dismiss (Dkt. # 10) and the Trust Defendants' joinder thereto (Dkt. # 12). Mr. Freeze's claims against the Skagit Defendants and the Trust Defendants are DISMISSED with prejudice and without leave to amend.

Dated this 23rd day of May, 2023.

JAMES L. ROBART
United States District Judge

---

[8] Mr. Acuna is now the only remaining Defendant in this action. (*See* Am. Compl.)