UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DON MCDERMOTT, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C22-1844JLR<br><br>ORDER TO SHOW CAUSE |

　　　In an order dated May 23, 2023, the court dismissed with prejudice and without leave to amend Plaintiff Eric Stephen Freeze's claims against Defendants Donald McDermott, Lisa Janicki, Skagit County, the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor.  (5/23/23 Order (Dkt. # 27).)  The only remaining Defendant is Jose T. Acuna, a tenant and potential purchaser of the property at issue in this case.  (*See, e.g.*, Am. Compl. (Dkt. # 3) at 5, ¶¶ 7-8.)

　　　The court has issued several orders regarding Mr. Freeze's efforts to serve Mr. Acuna.  First, on March 30, 2023, the court ordered Mr. Freeze to show cause why the

ORDER - 1

court should not dismiss this action for failure to comply with the 90-day deadline for service set forth in Federal Rule of Civil Procedure 4(m).  (3/30/23 Order (Dkt. # 5).)  In response, Mr. Freeze filed a declaration of service in which Derrill Fussell stated that he had served Mr. Acuna and other Defendants by United States Mail on March 29, 2023.  (4/6/23 Decl. (Dkt. # 6).)  On April 12, 2023, the court found the purported service was improper because Federal Rule of Civil Procedure 4(e) does not authorize service by United States Mail.  (4/12/23 Order (Dkt. # 7) at 3-4.)  Accordingly, the court issued an order for Mr. Freeze to show cause why his claims against Mr. Acuna should not be dismissed for failure to properly serve Mr. Acuna under Federal Rule of Civil Procedure 4.  (*Id.*)

On April 17, 2023, Mr. Freeze filed a second declaration of service in which Mr. Fussell again stated that he served Mr. Acuna by United States Mail.  (4/17/23 Decl. (Dkt. # 8).)  Then, on April 24, 2023, Mr. Freeze filed a third declaration of service in which Kevin Ewing stated that he had served Mr. Acuna at an address in Sedro-Woolley, Washington at 1:05 p.m. on April 19, 2023.  (4/24/23 Decl. (Dkt. # 14).)  On May 5, 2023, the court issued an order in found that Mr. Freeze had successfully served Mr. Acuna and discharged its April 12, 2023 order to show cause.  (5/5/23 Order (Dkt. # 21).)

After it issued the May 23, 2023 order dismissing all Defendants except Mr. Acuna, the court reviewed its docket in this case.  In doing so, the court observed an irregularity in Mr. Ewing's declaration of service.  Specifically, Mr. Ewing states that he served Mr. Acuna on April 19, 2023, but the declaration is dated April 7, 2023, twelve days before he purportedly served Mr. Acuna.  (*See* 4/24/23 Decl.)  As a result, the court

is not confident that Mr. Freeze properly served Mr. Acuna with the summons and amended complaint in this case.[1]  Therefore, the court VACATES its May 5, 2023 order discharging its April 12, 2023 order to show cause (Dkt. # 21) and ORDERS Mr. Freeze to show cause, by no later than **June 14, 2023**, why the court should not dismiss his claims against Mr. Acuna without prejudice for failure to serve Mr. Acuna in accordance with Federal Rule of Civil Procedure 4(e) and within the 90-day timeframe set forth in Federal Rule of Civil Procedure 4(m).  Alternatively, Mr. Freeze may respond to this order, by no later than **June 14, 2023**, with proof that he has properly served Mr. Acuna in accordance with Federal Rule of Civil Procedure 4.  If Mr. Freeze does not timely respond to this order or demonstrate good cause for his failure to comply with Federal Rule of Civil Procedure 4, the court will dismiss Mr. Freeze's claims against Mr. Acuna without prejudice.

Dated this 24th day of May, 2023.

JAMES L. ROBART
United States District Judge

---

[1] Mr. Ewing's declaration also states that he served Mr. Taylor on April 19, 2023.  (*See id.*)  Although Mr. Taylor appeared in this case (*see* 5/8/23 Notice (Dkt. # 23)), he has not challenged whether service was proper (*see generally* Dkt.).  Additionally, the court has since dismissed Mr. Freeze's claims against Mr. Taylor on other grounds.  (*See* 5/23/23 Order.)