UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion to void the judgment. (Mot. (Dkt. # 31).) Because final judgment has not yet been entered in this case, the court construes Mr. Freeze's motion as a motion for reconsideration of the court's May 23, 2023 order granting Defendants Donald McDermott, Lisa Janicki, and Skagit County's (together, the "Skagit Defendants") motion to dismiss Mr. Freeze's amended complaint and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor's (collectively, the "Trust Defendants") joinder thereto. (*See* 5/23/23 Order (Dkt. # 27) (dismissing Mr. Freeze's

ORDER - 1

claims against the Skagit Defendants and the Trust Defendants)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ."); Local Rules W.D. Wash. LCR 7(h) (setting forth the standard for evaluating a motion for reconsideration). Having considered the motion, the relevant portions of the record, and the governing law, the court DENIES Mr. Freeze's motion for reconsideration.

Mr. Freeze asserts that the court's order dismissing his claims against the Skagit Defendants and the Trust Defendants should be vacated "due to the presence of fraud upon the court committed by Defendant and the undeniable bias exhibited by the presiding judge." (Mot. at 1.) Mr. Freeze argues that the Skagit Defendants' attorney, Erik Pedersen, is not authorized to represent his clients and has, as a result, "perpetrated fraud upon the honorable District Court, warranting the immediate vacation of the judgment." (*Id.* at 2.) Although Mr. Freeze cites orders entered in *Hart v. Perkins*, No. C23-0404RSL (W.D. Wash.), a case in which he is not a party, he does not explain the significance of those orders to his motion for reconsideration in this case. (*See, e.g.*, Mot. at 2-3, 5.)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). The court concludes that Mr. Freeze has met neither standard. The court has repeatedly rejected Mr. Freeze's arguments that Mr. Pedersen's representation of the Skagit Defendants is improper. (*See, e.g.*, 5/23/23 Order at 3; 4/27/23 Order (Dkt. # 17) (denying Mr. Freeze's

two motions to disqualify Mr. Pedersen).)  Mr. Freeze has not made any showing of manifest error in the court's prior rulings, nor has he identified new facts or legal authority which he could not have brought to the court's attention earlier.  (*See generally* Mot.)  In addition, Mr. Freeze's motion for reconsideration, which he filed 20 days after the court's May 23, 2023 order, is untimely.  *See* Local Rules W.D. Wash. LCR 7(h)(2) (requiring that a motion for reconsideration be filed within 14 days after the order to which it relates is filed).  Therefore, the court DENIES Mr. Freeze's motion for reconsideration (Dkt. # 31).

Dated this 14th day of June, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3