UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's amended motion to void the judgment. (Mot. (Dkt. # 35).) Because final judgment has not yet been entered in this case, the court construes Mr. Freeze's amended motion to void the judgment as a motion for reconsideration of the court's June 14, 2023 order, in which the court (1) construed Mr. Freeze's original motion to void the judgment as a motion for reconsideration of the court's May 23, 2023 order dismissing Mr. Freeze's claims against Defendants Donald McDermott, Lisa Janicki, and Skagit County (together, the "Skagit Defendants") and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze

ORDER - 1

Revocable Trust, Elizabeth Gallagher, and Paul Taylor's (collectively, the "Trust Defendants") and (2) denied the motion. (*See* 6/14/23 Order (Dkt. # 34); 1st Mot. (Dkt. # 31); 5/23/23 Order (Dkt. # 27) (dismissing Mr. Freeze's claims against the Skagit Defendants and the Trust Defendants)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ."); Local Rules W.D. Wash. LCR 7(h) (setting forth the standard for evaluating a motion for reconsideration).  Having considered the motion, the relevant portions of the record, and the governing law, the court DENIES Mr. Freeze's second motion for reconsideration.

As he did in his first motion for reconsideration, Mr. Freeze asserts that the court's order dismissing his claims against the Skagit Defendants and the Trust Defendants should be vacated "due to the presence of fraud upon the court committed by the opposing party and the undeniable bias exhibited by this court." (Mot. at 2.)  Mr. Freeze contends that after the court issued its May 23, 2023 order, he learned that the Skagit Defendants' attorney, Erik Pedersen, entered an appearance representing Skagit County and its officials in *Hart v. Perkins*, No. C23-0404RSL (W.D. Wash.), a case in which Mr. Pedersen is a defendant. (*Id.*)  He again argues, as he has in multiple filings in this case, that Mr. Pedersen is not authorized to represent his clients and has, as a result, "knowingly and intentionally engaged in fraudulent conduct that deceived this Court, and the plaintiff, thereby compromising the fairness of the proceedings." (*Id*. at 2-3.)  He also contends that Mr. Pedersen is violating the Washington Rules of Professional Conduct and multiple state and federal statutes by continuing to represent the Skagit Defendants in this case and in *Hart*. (*Id.* at 3-7.)  Finally, he argues that this court is biased against him

because it has "failed to notify the proper authorities" of the crimes he described in the "unrebutted affidavits" he attached to his complaint. (*Id.* at 7-8; *see* Am. Compl. (Dkt. # 3), Exs. 10-12 ("Affidavits").)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The court again concludes that Mr. Freeze has not met his burden to demonstrate that the court's prior orders should be reconsidered. The court has repeatedly rejected Mr. Freeze's arguments that Mr. Pedersen is committing a fraud upon the court and should be disqualified from representing the Skagit Defendants. (*See, e.g.*, 6/14/23 Order; 5/23/23 Order; 4/27/23 Order (Dkt. # 17).) The fact that Mr. Pedersen is representing the Skagit Defendants in another case does not change the court's analysis. In addition, the court has already made clear that the supposed failure of the Skagit Defendants and the Trust Defendants to respond to the affidavits Mr. Freeze sent them has no legal significance. (5/23/23 Order at 12-13.) Mr. Freeze has not made any showing of manifest error in the court's prior rulings, nor has he identified new facts or legal authority which would change the court's conclusions in its May 23, 2023 order dismissing his claims against the Skagit Defendants and the Trust Defendants or its June 14, 2023 order denying his

first motion for reconsideration. (*See generally* Mot.) Therefore, the court DENIES Mr. Freeze's second motion for reconsideration (Dkt. # 35).

Dated this 16th day of June, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4