UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>              Plaintiff,<br>    v.<br><br>DON MCDERMOTT, et al.,<br><br>              Defendants. | CASE NO. C22-1844JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion *in limine*. (Mot. (Dkt. # 38); *see also* Mem. (Dkt. # 39) (purporting to "set forth the reasons for the relief sought" in the motion *in limine*).) Mr. Freeze asks the court to: (1) admit "evidence of [f]raud upon this [c]ourt by" Erik Pedersen, counsel for Defendants Donald McDermott, Lisa Janicki, and Skagit County (collectively, the "Skagit Defendants"); (2) preclude Mr. Pedersen from "introducing any evidence or testimony" regarding the original complaint in this matter; (3) strike all "notice and motions submitted by" Mr. Pedersen; and

//

ORDER - 1

(4) deny Mr. Pedersen's "request for [a m]otion to dismiss." (Mot. at 2 (capitalization omitted).)

On May 23, 2023, the court granted the Skagit Defendants' motion to dismiss Mr. Freeze's amended complaint, and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor's (collectively, the "Trust Defendants") joinder thereto. (*See* 5/23/23 Order (Dkt. # 27).) The court subsequently denied Mr. Freeze's two motions for reconsideration of that order. (*See* 6/14/23 Order (Dkt. # 34); 6/16/23 Order (Dkt. # 36).) The only remaining Defendant is Jose T. Acuna, who has not yet appeared in this matter. (*See generally* Dkt.)

Mr. Freeze's motion *in limine* focuses entirely on evidence relating to his allegations that Mr. Pedersen has committed fraud upon the court or otherwise engaged in misconduct in representing the Skagit Defendants. (*See generally* Mot.; Mem.) However, because the Skagit Defendants have been dismissed from this case (*see* 5/23/23 Order), Mr. Pedersen is no longer involved in this action. Accordingly, the court DENIES Mr. Freeze's motion *in limine* (Dkt. # 38).[1]

The court also notes that Mr. Freeze has already filed five motions challenging Mr. Pedersen's conduct and representation of the Skagit Defendants, all of which have been denied. (*See, e.g.*, 4/27/2023 Order (Dkt. # 17) (denying Mr. Freeze's two motions to disqualify Mr. Pedersen); 5/23/23 Order at 3-4 (denying Mr. Freeze's motion to strike

---

[1] To the extent Mr. Freeze again seeks reconsideration of the court's order granting the Skagit Defendants' motion to dismiss, that motion is denied for the reasons set forth in the court's earlier orders. (*See* 6/14/23 Order; 6/16/23 Order.)

arguments made by Mr. Pedersen); 6/14/23 Order (denying motion for reconsideration premised in part on Mr. Pedersen's alleged fraud); 6/16/23 Order (same).)  The court has the inherent authority to both enjoin Mr. Freeze's future filings and to issue sanctions if he continues to abuse the judicial process by acting "vexatiously, wantonly, or with oppressive motives."  *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *see, e.g.*, *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961) (discussing authority to enjoin future filings (citing 28 U.S.C. § 1651)); Local Rules W.D. Wash. LCR 11(c) ("An attorney or party who without just cause . . . presents to the court unnecessary motions or unwarranted opposition to motions, . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate."); Fed. R. Civ. P. 11 (allowing for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose").  Accordingly, although the court has given Mr. Freeze some leeway because he is proceeding *pro se*, any future motions challenging Mr. Pedersen's conduct or representation of the Skagit Defendants may be a basis for sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting that a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*").

//

//

ORDER - 3

1   Dated this 27th day of June, 2023.

　

　

　

　

　

JAMES L. ROBART
United States District Judge

ORDER - 4