UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion for an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5)(A).  (Mot. (Dkt. # 47).)  It appears that Mr. Freeze intends to appeal the court's orders (1) dismissing Mr. Freeze's claims against Defendants Donald McDermott, Lisa Janicki, and Skagit County (together, the "Skagit Defendants") and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor's (collectively, the "Trust Defendants") and (2) denying Mr. Freeze's motions for

//

ORDER - 1

reconsideration of the court's dismissal order. (*See generally* Mot.; 5/23/23 Order (Dkt. # 27); 6/14/23 Order (Dkt. # 34); 6/16/23 Order (Dkt. # 36).)

Rule 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Although the court dismissed the Skagit and Trust Defendants, the court did not enter a final judgment because this action is still pending with respect to Mr. Freeze's claims against Defendant Jose T. Acuna. (*See generally* Dkt.) Further, the court's order dismissing the Skagit and Trust Defendants, as well as its orders denying Mr. Freeze's motions for reconsideration of the court's dismissal order, are not final, appealable orders under 28 U.S.C. § 1291 because the orders dismissed some but not all of the named Defendants in this action. *See, e.g.*, *Patchick v. Kensington Pub. Corp.*, 743 F.2d 675, 676-77 (9th Cir. 1984) (dismissing appeal of district court's order dismissing two defendants as premature because the district court's order was not a final, appealable order given that other defendants remained in the action). Accordingly, Mr. Freeze's motion for an extension of time to appeal is premature because Rule 4's 30-day appeal period has not yet commenced. *See, e.g.*, Fed. R. App. P. 4(a)(1)(A); *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987) (explaining that Rule 4's 30-day clock does not begin to run when the district court files an order; rather, it begins to run when the district court enters a separate, final judgment). As such, the court DENIES Mr. Freeze's motion for an extension of time to appeal (Dkt. # 47).

//

//

Dated this 2nd day of July, 2023.

_____
JAMES L. ROBART
United States District Judge