UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DON MCDERMOTT, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C22-1844JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Eric Stephen Freeze's motion for contempt and an order to show cause. (Mot. (Dkt. # 49).) The court has considered Mr. Freeze's submission, the balance of the record, and the applicable law.[1] Being fully advised, the court DENIES Mr. Freeze's motion.

//

---

[1] Mr. Freeze's motion is noted for July 21, 2023. (*See* Dkt.) Nevertheless, the court exercises its discretion to decide the motion without waiting for Defendant Jose T. Acuna's response or Mr. Freeze's reply. *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

1    In the instant motion, Mr. Freeze claims that he had a federal subpoena served on
2  Mr. Acuna on April 19, 2023, which sought "the production of an answer or motion."
3  (Mot. at 1-2.) He asserts that Mr. Acuna failed to produce an answer or motion by the
4  May 10, 2023 deadline set forth in the subpoena. (*Id.* at 2.) Mr. Freeze asks the court to
5  hold Mr. Acuna in contempt for his failure to timely comply with the subpoena. (*Id.* at
6  2-3.)
7    The court declines to do so. First, Mr. Freeze did not provide the court with a
8  copy of the alleged federal subpoena, nor does the docket in this case indicate that Mr.
9  Freeze requested the issuance of a subpoena. (*See generally id.*) As such, the court is
10  unable to verify that the alleged federal subpoena was actually issued by the Clerk of this
11  court. Second, Federal Rule of Civil Procedure 45 authorizes subpoenas for the
12  production of documentary evidence or testimony. *See generally* Fed. R. Civ. P. 45.
13  Such subpoenas are generally served on non-parties as a means of gaining discovery from
14  such parties. *See, e.g.*, *Golden v. Am. Pro Energy*, No. EDCV16891MWFKKX, 2018
15  WL 1426341, at *2 (C.D. Cal. Feb. 15, 2018) ("Federal Rule of Civil Procedure
16  45 . . . provides the exclusive method of discovery on non-parties."). Federal Rule of
17  Civil Procedure 45 does not, however, authorize subpoenas that purport to require the
18  receiving party to answer a complaint or file a motion. *See generally* Fed. R. Civ. P. 45.
19  Accordingly, Mr. Freeze's alleged federal subpoena "for the production of an answer or
20  //
21  //
22  //

motion" is improper under Rule 45.[2]  (Mot. at 2.)  Finally, the court notes that Mr. Acuna has answered Mr. Freeze's complaint.  (*See generally* Ans. (Dkt. # 46).)

For the foregoing reasons, the court will not hold Mr. Acuna in contempt for allegedly failing to comply with the "federal subpoena" he received on April 19, 2023. The court therefore DENIES Mr. Freeze's motion for contempt and an order to show cause (Dkt. # 49).  The court further DIRECTS the Clerk to enter an order regarding initial disclosures and joint status report in this matter.

Dated this 7th day of July, 2023.

JAMES L. ROBART
United States District Judge

---

[2] The court reminds Mr. Freeze that even though he is proceeding *pro se*, he is required to comply with the Federal Rules of Civil Procedure and this District's Local Civil Rules.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).