UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC STEPHEN FREEZE, | CASE NO. C22-1844JLR |
| Plaintiff, | ORDER |
| v. | |
| DON MCDERMOTT, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Eric Stephen Freeze's amended complaint. (Am. Compl. (Dkt. # 3).) The court has reviewed Mr. Freeze's amended complaint and has preliminarily determined that the allegations therein fail to state a claim upon which relief can be granted with respect to his claim against Defendant Jose T. Acuna. Accordingly, the court ORDERS Mr. Freeze to show cause why his claim against Mr. Acuna should not be dismissed for failure to state a claim.

//

## II. BACKGROUND[1]

Mr. Freeze's claims in this matter arise from his eviction from a property in Concrete, Washington (the "Property") after Defendant Elizabeth Gallagher, as trustee for the Ann G. Freeze Revocable Trust and the Ronald L. Freeze Revocable Trust (collectively, the "Trusts"), prevailed in a quiet title action Ms. Gallagher filed against Mr. Freeze in Skagit County Superior Court (the "Quiet Title Action"). (*See generally* Am. Compl.) On December 29, 2022, Mr. Freeze filed this lawsuit against: (1) Ms. Gallagher; (2) the Trusts; (3) Paul Taylor, counsel for the Trusts and Ms. Gallagher in the Quiet Title Action; (4) Lisa Janicki, a Skagit County Commissioner; (5) Donald McDermott, a Skagit County Sheriff; (6) Skagit County; and (7) Mr. Acuna, a tenant of the Property who had negotiated with Ms. Gallagher to buy the Property. (*See generally* Compl. (Dkt. # 1); 5/23/23 Order.) He cites, as the basis for his various claims against each Defendant, a litany of state and federal statutes and provisions of the Washington State and United States Constitutions. (*See* Am. Compl. at 12-19.) As relevant here, Mr. Freeze alleges that Mr. Acuna violated his First and Fourth Amendment rights. (*See id.* at 13.)

On May 23, 2023, the court granted Defendants Donald McDermott, Lisa Janicki, and Skagit County's (collectively, the "Skagit County Defendants") motion to dismiss Mr. Freeze's amended complaint, and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor's

---

[1] The court detailed the factual and procedural background of this case in its May 23, 2022 order (5/23/23 Order (Dkt. # 27) at 4-8) and does not repeat that background here.

(collectively, the "Trust Defendants") joinder thereto. (*See* 5/23/23 Order.) As such, the only remaining Defendant is Mr. Acuna. (*See generally* Dkt.)

### III.   ANALYSIS

A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)); *see also Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1341 (9th Cir. 1981) (citing *Dodd v. Spokane Cnty.*, 393 F.2d 330, 334 (9th Cir. 1968)). Unless it is apparent that the plaintiff "cannot possibly win relief," *sua sponte* dismissal is appropriate only after providing the parties an opportunity to be heard. *Wong*, 642 F.2d at 361-62; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Shoop v. Deutsche Bank Nat. Tr. Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (affirming district court's Rule 12(b)(6) *sua sponte* dismissal of plaintiffs' Truth in Lending Act claims as time-barred, "despite not providing [plaintiffs'] notice and an opportunity to oppose dismissal"). For the reasons discussed below, the court ORDERS Mr. Freeze to SHOW CAUSE why the court should not dismiss his claim against Mr. Acuna.

**A.   Legal Standard Regarding Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Because Mr. Freeze is proceeding *pro se*, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

The court takes the well-pleaded factual allegations as true and views such allegations in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, the court need not accept as true a legal conclusion presented as a factual allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Additionally, in evaluating a complaint under Rule 12(b)(6), courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988.

**B.    Whether Mr. Freeze States a Plausible Claim for Relief Against Mr. Acuna**

Mr. Freeze brings a claim against Mr. Acuna for alleged violations of his First and Fourth Amendment rights. (*See* Am. Compl. at 13.) The court liberally construes this

claim as a constitutional claim being brought under 42 U.S.C. § 1983.  *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."); *see also Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1115 (W.D. Wash. 2014) (stating that plaintiff's "causes of action for monetary, injunctive, and declaratory relief are each constitutional claims that can only be brought via 42 U.S.C. § 1983").

To state a claim for relief under 42 U.S.C. § 1983, Mr. Freeze must show (1) that the conduct complained of was committed by a person acting under color of state law and (2) that the conduct deprived the plaintiff of a right secured by the Constitution and laws of the United States.  *See Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) ("Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element."). "The state-action element in [Section] 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).  As such, courts "start with the presumption" that private parties do not act "under color of state law" within the meaning of Section 1983. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). However, private parties may be held liable under Section 1983 if a plaintiff shows that the "conduct allegedly causing the deprivation of a federal right [was] fairly attributable

to the State," meaning that the private party's conduct is "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) ("[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." (emphasis in original)). "The Supreme Court has articulated four tests for determining whether a private [party's] actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002)).

First, "[u]nder the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002)). "The public function test is satisfied only on a showing that the function at issue is 'both traditionally and exclusively governmental.'" *Id.* (quoting *Katz*, 276 F.3d at 555).

Second, "[t]he joint action test asks whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao*, 698 F.3d at 1140 (quoting *Franklin*, 312 F.3d at 445). "This requirement can be satisfied either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Franklin*, 312 F.3d at 445). "Ultimately, joint action exists when the state has 'so far insinuated

itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity.'" *Id.* (quoting *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 507 (9th Cir. 1989)) ("[I]f the state 'knowingly accepts the benefits derived from unconstitutional behavior,' . . . then the conduct can be treated as state action." (quoting *Gorenc*, 869 F.2d at 507)). To prove a conspiracy, the plaintiff must show that the private and state actors actually agreed to "violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983).

Third, "[s]tate action may be found under the state compulsion test where the state has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State.'" *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Finally, under the nexus test, the court considers whether there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 1120 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Mr. Freeze's amended complaint does not allege that Mr. Acuna was a state or local government employee or official. (*See generally* Am. Compl. (alleging only that Ms. Janicki and Mr. McDermott are county officials/employees); *id.*, Ex. 2 at 10-11[2] (Mr.

---

[2] The court cites the page numbers in the CM/ECF headers when citing to the exhibits to Mr. Freeze's amended complaint.

Acuna's protective order petition) (stating that he owns and works at a mill).)  The court therefore presumes that Mr. Acuna, a private individual, does not act "under color of state law" within the meaning of Section 1983.  *See Florer*, 639 F.3d at 922; *see also, e.g.*, *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1057 (C.D. Cal. 2020) ("[T]he Union is a private entity, so Plaintiff's § 1983 claims cannot proceed unless she has plausibly alleged that the Union's conduct is 'state action.'").  Mr. Freeze's amended complaint is devoid of allegations that, if taken as true, show that Mr. Acuna's alleged misconduct was "fairly attributable to the State" under any of the above-mentioned tests.  *Lugar*, 457 U.S. at 937; *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (stating that to establish joint action, the plaintiff must allege facts tending to show that the private party acted under color of state law).

Liberally construing Mr. Freeze's amended complaint, the court infers that Mr. Freeze attempts to establish joint action by alleging that Mr. Acuna conspired with Sherriff McDermott and Ms. Gallagher to take away Mr. Freeze's Property in violation of his First and Fourth Amendment Rights.  (*See, e.g.*, Am. Compl. at 13-14; *id.* at 5 (alleging that these Defendants "conspired to forcible [sic] attempt to vacate [Mr. Freeze] from the [P]roperty by breaking, entering, confiscating property, then changing the entry locks to" the Property).)  However, because the Skagit County Superior Court conclusively ruled that Mr. Freeze had no legal or equitable right to the Property, the court cannot plausibly infer that Sheriff McDermott[3] and Mr. Acuna's alleged actions

---

[3] Because Ms. Gallagher is also a private party, Mr. Freeze's Section 1983 claim against Mr. Acuna fails without factual allegations showing Mr. Acuna's wrongdoing was inextricably

reflect an agreement to violate Mr. Freeze's Fourth Amendment rights. (*See* 5/23/23 Order at 5-8 (taking judicial notice of Skagit County Superior Court filings attached to the Skagit County Defendants' motion to dismiss (citing SCD MTD (Dkt. # 10), Exs. 1-8))); *see, e.g.*, *Fonda*, 707 F.2d at 438 (noting that to prove a conspiracy, the plaintiff must demonstrate that each participant shared the "conspiratorial objective" of violating the plaintiff's constitutional rights). Additionally, there is nothing in the amended complaint from which the court could infer that Mr. Acuna and Sheriff McDermott agreed to engage in conduct that would deprive Mr. Freeze of his First Amendment rights. (*See generally* Am. Compl.) Although Mr. Freeze alleges that Mr. Acuna allegedly took actions to vacate him from the Property and that Sheriff McDermott had knowledge of those actions and declined to file a criminal report, such allegations are insufficient to demonstrate an agreement to violate Mr. Freeze's First Amendment rights. (*See, e.g., id.* at 5-7.)

        Accordingly, the court preliminarily concludes that Mr. Freeze fails to establish that Mr. Acuna acted under color of state law, and thus, fails to state a plausible Section 1983 claim against Mr. Acuna. Additionally, to the extent the above-mentioned allegations can also be construed as alleging a conspiracy claim against Mr. Acuna under

---

intertwined with that of Sheriff McDermott, such that the state could be said to have "insinuated itself into a position of interdependence" with Mr. Acuna. *Tsao*, 698 F.3d at 1140; *see also Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) (noting that the private party is a willful participant with the state if the private actor's actions are "inextricably intertwined" with those of the state). The court finds no such allegations. (*See* Am. Comp. at 5-6 (alleging only that Ms. Gallagher instructed Mr. Acuna to break into the Property and change the locks and that Sheriff McDermott had knowledge of the same)); *Fonda*, 707 F.2d at 438 (stating that mere acquiescence to wrongful conduct is insufficient).

42 U.S.C. § 1985(3), such a claim would fail because (1) the court cannot reasonably infer the existence of an agreement to violate Mr. Freeze's constitutional rights and (2) "the absence of a [S]ection 1983 deprivation of rights precludes a [S]ection 1985 conspiracy claim predicated on the same allegations."[4] *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989); (*see also* 5/23/23 Order at 14 (dismissing Mr. Freeze's Section 1983 claims against the other Defendants)).

Accordingly, ORDERS Mr. Freeze to show cause why the court should not dismiss his claim against Mr. Acuna. Mr. Freeze must respond to this show cause order, in no more than 1,500 words, **on or before July 27, 2023**. The court warns Mr. Freeze that failure to timely respond to this order will result in the dismissal of this action.

### IV.  CONCLUSION

For the foregoing reasons, the court ORDERS Mr. Freeze to show cause why the court should not conclude that Mr. Freeze fails to state a plausible claim against Mr. Acuna and dismiss this action. Mr. Freeze must respond to this show cause order, in no more than 1,500 words, **on or before July 27, 2023**.

Dated this 13th day of July, 2023.

JAMES L. ROBART
United States District Judge

---

[4] This claim would also fail because Mr. Freeze does not allege any class-based discrimination. (*See generally* Am. Compl.) A constitutional deprivation claim under Section 1985(3) "cannot survive a motion to dismiss absent an allegation of class-based animus." *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).