1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  ERIC STEPHEN FREEZE,                     CASE NO. C22-1844JLR

11                        Plaintiff,         ORDER

12           v.

13  DON MCDERMOTT, et al.,

14                        Defendants.

15      Before the court are *pro se* Plaintiff Eric Stephen Freeze's motions: (1) to

16  disqualify Erik Pedersen, counsel for Defendants Donald McDermott, Lisa Janicki, and

17  Skagit County (collectively, the "Skagit Defendants") (Disq. Mot. (Dkt. # 56)); (2) to

18  strike Mr. Pedersen's notice of appearance, to preclude Mr. Pedersen's "submissions,"

19  and for leave to amend his amended complaint (Strike/Amend Mot. (Dkt. # 54)); (3) to

20  hold Mr. Pedersen in contempt (Contempt Mot. (Dkt. # 57)); and (4) to compel discovery

21  from Mr. Pedersen (Compel Mot. (Dkt. # 58)). The court has considered Mr. Freeze's

22  //

ORDER - 1

submissions, the balance of the record, and the applicable law.[1]  Being fully advised, the court DENIES Mr. Freeze's motions.

On May 23, 2023, the court granted the Skagit Defendants' motion to dismiss Mr. Freeze's amended complaint, and Defendants the Ann G. Freeze Revocable Trust, the Ronald L. Freeze Revocable Trust, Elizabeth Gallagher, and Paul Taylor's (collectively, the "Trust Defendants") joinder thereto.  (*See* 5/23/23 Order (Dkt. # 27).)  The court subsequently denied Mr. Freeze's two motions for reconsideration of that order.  (*See* 6/14/23 Order (Dkt. # 34); 6/16/23 Order (Dkt. # 36).)  The only remaining Defendant is Jose T. Acuna, who is not represented by Mr. Pedersen.  (*See generally* Dkt.)

In the instant motions, with the exception of his request for leave to amend, Mr. Freeze seeks to disqualify Mr. Pedersen from representing the Skagit Defendants, strike Mr. Pedersen's filings, hold Mr. Pedersen in contempt, and obtain evidence from Mr. Pedersen.  (*See generally* Disq. Mot.; Strike/Amend Mot.; Contempt Mot.; Compel Mot.)  However, Mr. Pedersen is no longer involved in this action because his clients, the Skagit Defendants, have been dismissed from this case.[2]  (*See* 5/23/23 Order.)  Accordingly, the court DENIES Mr. Freeze's motions to compel discovery from Mr. Pedersen, to hold Mr. Pedersen in contempt, and to disqualify Mr. Pedersen.  The court also DENIES Mr.

---

[1] The court exercises its discretion to decide Mr. Freeze's motions without waiting for his reply briefs or Defendant Jose T. Acuna's responses.  *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding").

[2] Moreover, the court has repeatedly rejected Mr. Freeze's arguments, repeated in these motions, that Mr. Pedersen has committed fraud upon the court or otherwise engaged in misconduct in representing the Skagit Defendants.  (*See, e.g.*, 5/23/23 Order at 3; 4/27/23 Order (Dkt. # 17); 6/14/23 Order; 6/16/23 Order; 6/27/23 Order (Dkt. # 41); *see also* Disq. Mot.; Strike/Amend Mot.; Contempt Mot.; Compel Mot.)

Freeze's motion to strike Mr. Pedersen's notice of appearance and to preclude Mr. Pedersen's submissions. The court previously warned Mr. Freeze that "any future motions challenging Mr. Pedersen's conduct or representation of the Skagit Defendants may be a basis for sanctions." (6/27/23 Order at 2-3.) Although the court will not sanction Mr. Freeze based on the instant motions, the court warns Mr. Freeze that sanctions will be imposed the next time Mr. Freeze files such motions.

As to Mr. Freeze's request for leave to amend his amended complaint, which is included in Mr. Freeze's motion to strike Mr. Pedersen's notice of appearance and to preclude Mr. Pedersen's submissions, the court also DENIES this request. (See generally Strike/Amend Mot. at 3.) Mr. Freeze provides no description of the information or claims he seeks to add to his complaint. (*See generally id.*) Additionally, the court dismissed his claims against the Skagit Defendants and the Trust Defendants with prejudice and without leave to amend; Mr. Freeze may not revive his claims against the Skagit or Trust Defendants by amendment. (*See* 5/23/23 Order at 13-14 (concluding amendment would be futile).) As to his claim against Mr. Acuna, the court recently ordered Mr. Freeze to show cause why the court should not dismiss his claim against Mr. Acuna by no later than July 27, 2023. (*See* 7/13/23 Order (Dkt. # 53).) In light of the foregoing, the court declines to allow Mr. Freeze leave to amend his amended complaint at this time. Once the court receives Mr. Freeze's response to the court's order to show cause, if any, the court will consider whether leave to amend is appropriate if it concludes that Mr. Freeze's claim against Mr. Acuna should be dismissed.

//

1     In sum, the court DENIES Mr. Freeze's motions: (1) to disqualify Mr. Pedersen, counsel for the Skagit Defendants (Dkt. # 56); (2) to strike Mr. Pedersen's notice of appearance, to preclude Mr. Pedersen's "submissions," and for leave to amend his amended complaint (Dkt. # 54); (3) to hold Mr. Pedersen in contempt (Dkt. # 57); and (4) to compel discovery from Mr. Pedersen (Dkt. # 58).

Dated this 18th day of July, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge