1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ERIC STEPHEN FREEZE,

11
                              Plaintiff,

12
             v.

13
DON MCDERMOTT, et al.,

14
                              Defendants.

CASE NO. C22-1844JLR

ORDER

15

## I.   INTRODUCTION

16          On July 13, 2023, the court ordered *pro se* Plaintiff Eric Stephen Freeze to show

17   cause, by July 27, 2023, why the court should not conclude that Mr. Freeze fails to state a

18   plausible claim against Mr. Acuna and dismiss this action.  (7/13/23 Order (Dkt. # 53) at

19   10.)  Mr. Freeze timely responded to the court's order to show cause.  (*See generally*

20   Resp. (Dkt. # 63).)  In his response, Mr. Freeze also asks the court to grant him leave to

21   amend his complaint.  (*See id.*)  The court has considered Mr. Freeze's response, the

22   relevant portions of the record, and the governing law.  Being fully advised, the court

1    DISMISSES Mr. Freeze's amended complaint (Am. Compl. (Dkt. # 3)), DENIES Mr.

2    Freeze's motion for leave to amend (Resp.), and DENIES as moot Defendant Jose T.

3    Acuna's pending motion to dismiss (Acuna MTD (Dkt. # 51)).

## II.    BACKGROUND[1]

5         Mr. Freeze's claims in this matter arise from his eviction from a property in

6    Concrete, Washington (the "Property") and the Skagit County Superior Court quiet title

7    action that preceded it.  (*See generally* Am. Compl.)  On December 29, 2022, Mr. Freeze

8    filed this lawsuit against various Defendants, alleging a litany of violations of state and

9    federal statutes and provisions of the Washington State and United States Constitutions.

10   (*See* Am. Compl. at 12-19; *see generally* Compl. (Dkt. # 1); 5/23/23 Order at 2-8

11   (discussing the parties and their connections to the case).)  On May 23, 2023, the court

12   dismissed Mr. Freeze's claims against all Defendants except Mr. Acuna, who had not yet

13   appeared in the action.  (*See* 5/23/23 Order; Dkt.)  Mr. Freeze alleges that Mr. Acuna, a

14   tenant of the Property who had negotiated to buy it, violated his First and Fourth

15   Amendment rights.  (*See* Am. Compl. at 5-6, 13-14.)

16        In its July 13, 2023 show cause order, the court construed Mr. Freeze's claim

17   against Mr. Acuna for alleged violations of his First and Fourth Amendment rights (*id.* at

18   13-14) as a constitutional claim brought under 42 U.S.C. § 1983.  (*See* 7/13/23 Order at

19   4-5.)  The court went on to preliminarily conclude that Mr. Freeze failed to establish that

20   Mr. Acuna, a private individual, acted under color of state law when he allegedly violated

21

22        [1] The court detailed the factual and procedural background of this case in its May 23,
     2023 order (5/23/23 Order (Dkt. # 27) at 4-8) and does not repeat that background here.

1   Mr. Freeze's constitutional rights, and thus, failed to state a plausible Section 1983 claim

2   against Mr. Acuna.  (*See id.* at 5-10 & n.3 (concluding that Mr. Freeze also failed to

3   identify a plausible violation of his First and Fourth Amendment rights).)  The court also

4   preliminarily concluded that, to the extent the allegations in Mr. Freeze's amended

5   complaint could be construed as alleging a conspiracy claim against Mr. Acuna under 42

6   U.S.C. § 1985(3) (Am. Compl. at 13-14), such a claim would fail because:  (1) "the court

7   cannot reasonably infer the existence of an agreement to violate Mr. Freeze's

8   constitutional rights"; (2) "the absence of a [S]ection 1983 deprivation of rights precludes

9   a [S]ection 1985 conspiracy claim predicated on the same allegations"; and (3) "Mr.

10  Freeze does not allege any class-based discrimination."  (7/13/23 Order at 9-10 (quoting

11  *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)); *id.* at 10 n.4 (citing

12  cases that discuss the class-based animus requirement).)

13      A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil

14  Procedure 12(b)(6).  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)

15  (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)).  Unless it is apparent that the

16  plaintiff "cannot possibly win relief," *sua sponte* dismissal is appropriate only after

17  providing the parties an opportunity to be heard.  *Wong*, 642 F.2d at 361-62; *Sparling v.

18  *Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  The court, exercising this

19  authority, ordered Mr. Freeze to show cause why the court should not conclude that Mr.

20  Freeze fails to state a plausible claim against Mr. Acuna and dismiss this action.  (7/13/23

21  Order at 10.)  Mr. Freeze timely responded.  (Resp.)

22  //

### III.   ANALYSIS

Mr. Freeze's response to the court's show cause order does not substantively respond to the issues identified in that order.  (*See generally* Resp.)  Rather, his response focuses almost entirely on the alleged misconduct of parties and individuals who are no longer before the court.  (*See generally id.*; *see also* 5/23/23 Order (dismissing the Skagit County Defendants and the Trust Defendants); 7/18/23 Order (Dkt. # 60) at 2 (reiterating that "[Erik] Pedersen is no longer involved in this action because his clients, the Skagit [County] Defendants, have been dismissed from this case").)  With respect to Mr. Acuna, Mr. Freeze's response merely repeats the allegations in his amended complaint regarding Mr. Acuna's alleged involvement in a scheme to take away Mr. Freeze's Property in violation of his Fourth Amendment rights.  (*Compare* Resp. at 13, *with* Am. Compl. at 5-6, 13-14.)

In light of the analysis and preliminary conclusions set forth in the court's show cause order (*see* 7/13/23 Order at 4-10), and Mr. Freeze's failure to meaningfully respond to the same (*see generally* Resp.), the court concludes that Mr. Freeze's amended complaint fails to state plausible claims for relief against Mr. Acuna under Sections 1983 and 1985(3).  The court therefore DISMISSES Mr. Freeze's claims against Mr. Acuna under Sections 1983 and 1985(3).

To the extent Mr. Freeze's amended complaint asserts other claims against Mr. Acuna, the court also dismisses these for failure to allege any plausible claim for relief. In addition to the claims identified above, Mr. Freeze's amended complaint also asserts claims for equitable estoppel and for violations of numerous federal and state criminal

1   statutes against "Defendants" generally.  (*See* Am. Compl. at 12-13, 18; *compare id.*,

2   *with id.* at 13-19 (alleging certain claims against only the elected, state actor Skagit

3   County Defendants).)  To the extent Mr. Freeze intended to assert these claims against

4   Mr. Acuna, he cannot possibly recover against Mr. Acuna under any of these claims.

5   First, no private right of action exists to enforce the criminal statutes Mr. Freeze cites.

6   (*See* Am. Compl. at 13-18); *see, e.g.*, *Keyter v. 230 Gov't Officers*, 372 F. Supp. 2d 604,

7   610 (W.D. Wash. 2005) ("Private citizens are not permitted to enforce criminal statutes

8   or prosecute crime."), *aff'd sub nom. Keyter v. Locke*, 182 F. App'x. 684 (9th Cir. 2006);

9   *Silviera v. Bank of Am., N.A.*, No. CV 17-00185 DKW-KJM, 2017 WL 1532264, at *2-3

10   & n.5 (D. Haw. Apr. 27, 2017) (reaching the same conclusion regarding 18 U.S.C.

11   §§ 241 and 242, two of the criminal statutes at issue here); *Kerner v. Seattle Police Dep't*,

12   C18-1737JCC, 2019 WL 1922925, at *3 (W.D. Wash. Apr. 30, 2019) ("Plaintiff cannot

13   maintain private causes of action under Revised Code of Washington §§ 9A.80.010,

14   42.20.040, 42.20.100, 9A.36.080, 9A.36.011.").  Second, Mr. Freeze cannot state a

15   cognizable claim for equitable estoppel against Mr. Acuna (*see* Am. Compl. at 12)

16   because "[e]quitable estoppel is available only as a defense to claims against enforcement

17   of a contract," *McCormick v. Lake Wash. Sch. Dist.*, 992 P.2d 511, 516 (Wash. Ct. App.

18   1999), and Mr. Freeze does not allege the existence of a contract between himself and

19   Mr. Acuna (*see* Am. Compl.).[2]  Accordingly, the court DISMISSES each of Mr. Freeze's

20

21   _____

22   [2] To the extent Mr. Freeze attempts to base an equitable estoppel claim on Mr. Acuna's
     alleged failure to respond to Mr. Freeze's "affidavits" (Am. Compl. at 12-13), the court has
     already concluded that "[a]bsent some duty or contractual obligation to respond, Defendants'

1    remaining claims against Mr. Acuna, if any.  The court need not give Mr. Freeze notice

2    and an opportunity to be heard before dismissing such claims because he "cannot

3    possibly win relief."  *Wong*, 642 F.2d at 361-62; *see also Shoop v. Deutsche Bank Nat.*

4    *Tr. Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (affirming district court's Rule 12(b)(6)

5    *sua sponte* dismissal of plaintiffs' Truth in Lending Act claims as time-barred, "despite

6    not providing [plaintiffs'] notice and an opportunity to oppose dismissal").

7          In general, a district court must provide a *pro se* litigant with notice of the

8    deficiencies of the complaint and an opportunity to amend if those deficiencies can be

9    cured.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d

10   1202, 1212 (9th Cir. 2012).  The court may, however, deny leave to amend where

11   amendment would be futile.  *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th

12   Cir. 2002) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d

13   242, 247 (9th Cir. 1990)).  Here, Mr. Freeze's constitutional claims against Mr. Acuna

14   are premised on Mr. Acuna's alleged interference with Mr. Freeze's interest in the

15   Property.  (*See* 7/13/23 Order at 7-10; Am. Compl. at 5-6, 13-14.)  The court concludes

16   that amendment would be futile because:  (1) the Skagit County Superior Court

17   conclusively ruled that Mr. Freeze had no legal or equitable right to the Property that is

18   the subject of this action (*see* 5/23/23 Order at 7, 14 (citing SCD MTD (Dkt. # 10), Ex.

19   6)); (2) Mr. Freeze has failed to identify anything that would plausibly indicate Mr.

20   Acuna is a state actor capable of being sued under Section 1983 or that he violated or

21

22   failure to respond to Mr. Freeze's Affidavits does not create a cognizable claim."  (*See* 5/23/23
     Order at 12-13.)

conspired to violate Mr. Freeze's constitutional rights; and (3) Mr. Freeze "cannot possibly win relief" with respect to his claims for equitable estoppel and violations of state and federal criminal statutes.  (*See supra*; 7/13/23 Order at 4-10.)  Accordingly, the court DENIES Mr. Freeze's motion for leave to amend and DISMISSES Mr. Freeze's claims against Mr. Acuna with prejudice and without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Freeze's amended complaint (Dkt. # 3) with prejudice and without leave to amend and DIRECTS the Clerk to close this case.  The court further DENIES Mr. Freeze's motion for leave to amend (Dkt. # 63) and DENIES as moot Mr. Acuna's motion to dismiss (Dkt. # 51).

Dated this 28th day of July, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 7